THOMAS ALLEN ST. LOUIS, Plaintiff-Appellant, v. ROCKWELL GRAPHIC SYSTEMS, INC., *et al.*, Defendants-Appellees.

First District (4th Division)   Nos. 1—90—0202, 1—90—0863 cons.

Opinion filed September 26, 1991.

Katz, Friedman, Schur & Eagle, of Chicago, and Becker, Baizer & Rapoport, of Highland Park (Harold A. Katz, David E. Rapoport, and Edward G. Proctor, Jr., of counsel), for appellant.

Sweeney & Riman, Ltd., of Chicago (Michele J. Braun, of counsel), for appellee Skidmore & Mason, Inc.

Mayer, Brown & Platt, of Chicago (Thomas B. McNeill and George J. Tzanetopoulos, of counsel), for appellee Rockwell Graphic Systems, Inc.

JUSTICE LINN delivered the opinion of the court:

Plaintiff, Thomas St. Louis, brought an action in the circuit court of Cook County against defendants, Rockwell Graphic Systems, Inc. (Rockwell), and Skidmore & Mason, Inc. (Skidmore). Defendants were involved in various stages of the design, manufacture, or installation of a printing press at a newspaper publishing plant. Plaintiff sought damages for injuries that he sustained in operating the press.

In separate orders, the trial court dismissed several counts of plaintiff's amended complaint, ruling that those claims were time barred. (See Ill. Rev. Stat. 1989, ch. 110, par. 13—214(b).) Plaintiff appeals, assigning error to the dismissal.

We affirm the orders of the trial court.

BACKGROUND

The trial court dismissed the relevant counts pursuant to section 2—619(a)(5) of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(5)), formerly section 48(1)(e) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 48(1)(e)). In ruling on a section 2—619 motion to dismiss, the trial court may consider the pleadings, affidavits in support of the motion, answers to interrogatories, depositions, and other proofs presented by the parties. *Bloomingdale State Bank v. Woodland Sales Co.* (1989), 186 Ill. App. 3d 227, 232, 542 N.E.2d 435, 438 (and cases cited therein).

The record shows that the Kankakee Daily Journal Company undertook an expansion project for its newspaper printing plant. In 1972, Rockwell designed and manufactured an offset printing press for the newspaper, sold the press to the newspaper, and assisted in installing the press as part of the newspaper's plant expansion. Skidmore was a contractor for the newspaper's expansion project. Skidmore furnished the materials and services required to install the press and appurtenant structures.

On December 12, 1984, plaintiff was an employee of the Kankakee Daily Journal. On that day, plaintiff's arm became caught between two rollers on the press and was crushed.

Plaintiff filed his original complaint on August 11, 1986, naming Rockwell as a defendant. On October 10, plaintiff filed an amended complaint that added Skidmore and others as defendants. Plaintiff alleged that Rockwell was negligent in the design, manufacture, and installation (count I), and subsequent maintenance (count III) of the printing press; and that Rockwell breached statutory warranties of merchantability and fitness for a particular purpose (count II). (See Ill. Rev. Stat. 1985, ch. 26, pars. 2—314, 2—315.) Plaintiff alleged that Skidmore negligently installed the press (count V) and that another defendant also negligently installed the press (count IV).

Rockwell moved to dismiss counts I and II of the complaint, and Skidmore moved to dismiss count V, pursuant to section 2—619(a)(5) of the Code of Civil Procedure. (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(5).) They contended that those claims were time barred under the 10-year statute of repose for construction activity found in section 13—214(b) of the civil procedure code. Ill. Rev. Stat. 1989, ch. 110, par. 13—214(b).

In separate orders, the trial court granted defendants' motions to dismiss. The court subsequently found no just cause to delay the en-

forcement or appeal of the dismissal. (See 134 Ill. 2d R. 304(a).) Plaintiff appeals.

OPINION

■ The trial court dismissed the complaint pursuant to civil procedure code section 2—619(a)(5). The primary purpose of section 2—619 is to afford a means of obtaining, at the outset of a case, a summary disposition of issues of law or of easily proved questions of fact, with a reservation of jury trial as to disputed questions of fact. (*Inland Real Estate Corp. v. Lyons Savings & Loan* (1987), 153 Ill. App. 3d 848, 853-54, 506 N.E.2d 652, 657.) Subsection (a)(5) provides as a ground for dismissal "[t]hat the action was not commenced within the time limited by law." Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(5).

■ The statute of limitations is an affirmative defense that cannot be raised by a section 2—619 motion unless it affirmatively appears from the pleading attacked that the cause of action is time barred. (*Marvel Engineering Co. v. Matson, Driscoll & D'Amico* (1986), 150 Ill. App. 3d 787, 792, 501 N.E.2d 948, 950.) However, dismissal of a complaint is proper under section 2—619(a)(5) if it appears from the face of the complaint that the action is time barred. *Altevogt v. Brinkoetter* (1981), 85 Ill. 2d 44, 50, 421 N.E.2d 182, 185.

■ In the dismissed counts, plaintiff sought recovery based on defendants' alleged negligence in the design, construction, and installation of the printing press. Defendants' alleged negligence occurred in 1972; plaintiff was injured in 1984, 12 years later; he filed his complaint in 1986, 14 years later. Section 13—214(b) of the Code of Civil Procedure is a statute of repose for construction activity. The section provides in pertinent part:

> "(b) No action based upon tort, contract or otherwise may be brought against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property after 10 years have elapsed from the time of such act or omission." Ill. Rev. Stat. 1989, ch. 110, par. 13—214(b).

■ Strictly speaking, a statute of repose differs from a statute of limitations. A statute of limitations governs the time within which lawsuits may be commenced *after* a cause of action has accrued. (*Thornton v. Mono Manufacturing Co.* (1981), 99 Ill. App. 3d 722, 726, 425 N.E.2d 522, 525; see, *e.g.*, Ill. Rev. Stat. 1989, ch. 110, par. 13—214(a).) However, a statute of repose extinguishes the action itself *before* it arises. In other words, the statute prevents what might otherwise be a cause of action from ever arising. Thus, referring to sec-

tion 13—214(b), an injury that occurs more than 10 years after the alleged negligence does not form a basis for recovery. *Thornton*, 99 Ill. App. 3d at 726, 425 N.E.2d at 525, quoting *Rosenberg v. Town of North Bergen* (1972), 61 N.J. 190, 199-200, 293 A.2d 662, 667; 54 C.J.S. *Limitations of Actions* §4, at 20-21 (1987).

The trial court found that defendants' acts, described in counts I, II, and V, constituted "an improvement to real property" under section 13—214(b). Since plaintiff was injured after 10 years from defendants' alleged negligence, the trial court ruled that those counts were time barred.

## I

Plaintiff first contends that the trial court applied the wrong statute of repose to the case at bar. He contends that the 12-year statute of repose for product liability claims (Ill. Rev. Stat. 1989, ch. 110, par. 13—213(b)) applies to the present case and not section 13—214(b). If applicable, section 13—213(b) would not have run by the time plaintiff filed his original complaint. Plaintiff asserts that "a printing press is a product, not an improvement to realty." Plaintiff concludes simply: "Since a printing press is a product, the applicable statute of repose is found at Section 13—213."

We cannot accept plaintiff's contention. Plaintiff essentially bases his argument on the following supposition:

"Obviously, a product does not include real estate or improvements to real estate. Section 13—214 applies only to 'real estate or improvements to real estate.' It is respectfully submitted that there can be no overlap in the coverage of these statutes. They are mutually exclusive. Products are covered by Section 13—213, real estate by Section 13—214."

In support of his position, plaintiff refers to product liability and fixture law. He reasons that the printing press "lacks a sufficiently permanent nexus to the real property to be considered an improvement thereof." In other words, "[t]he press was a chattel, divisible from the building."

These statements are error. The short answer is that a product, under certain circumstances, *can* constitute an improvement to real property. In *Cross v. Ainsworth Seed Co.* (1990), 199 Ill. App. 3d 910, 557 N.E.2d 906, relying on *Hilliard v. Lummus Co.* (7th Cir. 1987), 834 F.2d 1352, we rejected plaintiff's exact argument. We held that "the peculiar definitions of fixture law" did not apply to section 13—214. Product liability law is equally inapplicable. In *Cross*, the plaintiff's argument essentially concentrated on the press' permanence, as

with plaintiff in the present case. We rejected the argument, explaining as follows:

" 'Taken to its logical conclusion, [plaintiff's] argument would mean that nothing could be considered an "improvement to real property" if there were any possibility that the structure might be redesigned or rebuilt at any time ***. We do not think this is a reasonable interpretation of the statutory language.' " (*Cross*, 199 Ill. App. 3d at 922, 557 N.E.2d at 913, quoting *Hilliard*, 834 F.2d at 1355.)

Rather, the relevant inquiry should concentrate on the entire system and not on a single component of the system. *Hilliard*, 834 F.2d at 1356.

■ In *Calumet Country Club v. Roberts Environmental Control Corp.* (1985), 136 Ill. App. 3d 610, 483 N.E.2d 613, we defined an "improvement to real property" as "an addition to real property amounting to more than a mere repair or replacement, and which substantially enhances the value of the property *** [including] buildings and substantial additions or changes to existing buildings." (136 Ill. App. 3d at 613, 483 N.E.2d at 616.) The court in *Cross*, relying on *Hilliard*, described an improvement as follows:

" '[a] valuable addition made to property *** or an amelioration in its condition, amounting to more than mere repairs or replacement, costing labor or capital, and intended to enhance its value, beauty or utility or to adapt it for new or further purposes.' " *Cross*, 199 Ill. App. 3d at 921, 557 N.E.2d at 913, quoting *Hilliard*, 834 F.2d at 1354 n.3.

Thus, the court in *Cross* expanded the definition of "improvement" found in *Calumet Country Club*. Based on *Cross*, an improvement need not only enhance the value of property; the improvement may also enhance the beauty or utility of that property, or adapt the property to different or further purposes. *Billman v. Crown-Trygg Corp.* (1990), 205 Ill. App. 3d 916, 921, 563 N.E.2d 903, 906, explaining *Cross*, 199 Ill. App. 3d 910, 557 N.E.2d 906.

■ Applying these principles to the case at bar, we conclude that the printing press was an improvement to real property within the meaning of civil procedure code section 13—214(b). Referring to the definition of "improvement" in *Cross*, the record shows that the press was a valuable addition to the newspaper printing plant. The press, as part of the newspaper's expansion project, required an expenditure of labor and capital, and amounted to more than a mere repair or replacement. Also, the newspaper intended for the press, as part of the expansion project, to enhance the value and utility of the newspaper's

property, and also to adapt the property for further purposes, *i.e.*, to print more newspapers. See *Cross*, 199 Ill. App. 3d at 921, 557 N.E.2d at 913, quoting *Hilliard*, 834 F.2d at 1354 n.3.

Plaintiff further contends that Rockwell and Skidmore do not fall within the class of defendants intended to be protected by section 13—214(b). This argument completely lacks merit. Plaintiff himself alleged in his complaint that Rockwell designed, manufactured, and installed the press. The statute expressly applies to the design and planning of the construction of an improvement to real property. Likewise, plaintiff alleged that Skidmore installed the press. The statute expressly applies to the "supervision, observation or management" of the construction of an improvement to real property. (Ill. Rev. Stat. 1989, ch. 110, par. 13—214(b).) We hold that section 13—214(b) of the Code of Civil Procedure applies to the case at bar.

## II

Plaintiff's next claim involves the 1985 amendment to section 13—214, which shortened the period of repose from 12 to 10 years. (Compare Ill. Rev. Stat. 1983, ch. 110, par. 13—214(b), with Ill. Rev. Stat. 1989, ch. 110, par. 13—214(b).) Plaintiff claims that the amendment does not apply retroactively to his lawsuit.

■ The record shows, however, that plaintiff did not present this issue to the trial court. It is quite settled that "an issue not presented to or considered by the trial court cannot be raised for the first time on review." (*Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 147, 324 N.E.2d 417, 420.) Accordingly, we deem this issue waived, and plaintiff is precluded from raising this argument on appeal. (See *Tomaso v. Plum Grove Bank* (1985), 130 Ill. App. 3d 18, 26, 473 N.E.2d 588, 594; *D. Nelsen & Sons, Inc. v. General American Development Corp.* (1977), 51 Ill. App. 3d 62, 67-68, 366 N.E.2d 381, 386.) We hold that counts I, II, and V of plaintiff's amended complaint were time barred under the 10-year statute of repose for construction activity, found in section 13—214(b) of the Code of Civil Procedure. Ill. Rev. Stat. 1989, ch. 110, par. 13—214(b).

For the foregoing reasons, the orders of the circuit court of Cook County are affirmed.

Affirmed.

JOHNSON and McMORROW, JJ., concur.