Ronnie L. MATTHEWS and Crystal Matthews, Plaintiffs,

v.

BELOIT CORPORATION, a foreign corporation, Defendant/Third Party Plaintiff,

v.

S.D. WARREN CO., a foreign corporation, Third Party Defendant.

No. 1:90–CV–00876.

United States District Court, W.D. Michigan, S.D.

Oct. 21, 1992.

Michael F. Kelly, Kelly, Henkel, David & Blandford, Grand Rapids, Mich., for Ronnie L. Matthews.

Henry S. Emrich, Denenberg, Tuffley, Bocan, Jamieson, Black, Hopkins & Ewald PC, Grand Rapids, Mich., Kevin G. Owens, John W. Bell, Johnson & Bell, Ltd., Chicago, Ill., for Beloit Corporation.

Gary T. Britton, James M. Searer, Landman, Latimer, Clink & Robb, Muskegon, Mich., for S.D. Warren Co.

## OPINION

QUIST, District Judge.

This matter comes before the Court on plaintiffs', Ronnie and Crystal Matthews, Motion to Reconsider this Court's oral Opinion and Order of September 24, 1992. In that Opinion and Order, the Court found that Michigan's statutes of repose protecting licensed architects, professional engineers, contractors and land surveyors barred plaintiffs' claim. These statutes state:

(1) No person may maintain any action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of such injury, against any state licensed architect or professional engineer performing or furnishing the design or supervision of construction of the improvement, or against any contractor making the im-

provement, more than 6 years after the time of occupancy of the completed improvement, use, or acceptance of the improvement, or 1 year after the defect is discovered or should have been discovered provided that the defect constitutes the proximate cause of the injury or damage for which the action is brought and is the result of gross negligence on the part of the contractor or licensed architect or professional engineer. However, no such action shall be maintained more than 10 years after the time of occupancy of the completed improvement, use, or acceptance of the improvement.

M.C.L.A. § 600.5839(1); M.S.A. § 27A.5839(1).

(10) The period of limitations for an action against a state licensed architect, professional engineer, land surveyor, or contractor based on an improvement to real property shall be as provided in section 5839. (Emphasis added.)

M.C.L.A. § 600.5805(10); M.S.A. § 27A.5805(10).

During oral argument, all parties agreed that there were no issues of fact to be decided. The only issue before the Court was the application of a Michigan statute to the agreed facts—whether a certain papermaking machine at S.D. Warren constitutes an "improvement to real property" within the meaning of these statutes.

## FACTS

In 1965, the Beloit Corporation manufactured and installed a "stack calender" machine which was incorporated into a papermaking machine at the S.D. Warren Paper Company in Muskegon, Michigan. The stack calender functions exclusively as a component of a papermaking machine which was used by the S.D. Warren Company to manufacture paper. The stack calender is located towards the "dry" or "finished" end of the papermaking machine and is used to roll and strengthen paper.

On February 16, 1988, Mr. Ronnie Matthews, an employee of the S.D. Warren Paper Company, was working on the papermaking machine when his hand became entrapped in the roller of the stack calen-

der. As a result, he sustained injuries, including amputation of a portion of his left hand. He brought this action against the Beloit Corporation alleging negligent design of the stack calender and breach of express and implied warranties.

On September 24, 1992, this Court issued an oral Opinion granting the defendant's Motion For Summary Judgment. The Court found that the stack calender was an integral component of a larger papermaking machine which constituted an "improvement to real property" within the meaning of Michigan's statutes of repose. Therefore, the plaintiffs' action was barred. On October 2, 1992, plaintiffs filed a Motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e).

## ANALYSIS

As the first item of reconsideration, plaintiffs state that defendant Beloit Corporation is not a state licensed contractor entitled to the protection of the statute of repose. Plaintiffs contend that Beloit is a manufacturing designer of a product that is defined at M.C.L.A. § 600.2945; M.S.A. § 27A.2945. This Motion for Reconsideration is the first time that plaintiffs raised the issue of whether Beloit was entitled to the protection of the statutes of repose quoted above. In their brief opposing Beloit's Motion for Summary Judgment, the plaintiffs clearly stated:

It is undisputed that this action would indeed be prohibited under the statute of repose if the Defendant were a contractor who made an "improvement to real property", since this suit was filed more than six (6) years after the time of occupancy. However, the calendar (sic) stack is clearly not an "improvement to real property".

Plaintiffs' Response To Defendant's, Beloit Corporation's, Motion For Summary Judgment at pp. 5–6. Nor did plaintiffs raise the issue of Beloit's entitlement to the protection of the Act in oral argument. In their Motion for Reconsideration, plaintiffs indicated that they checked and discovered that Beloit was not a licensed contractor *after* the Court's judgment on September 24.

Rule 59(e) should not be used to expand the judgment to encompass issues which were not raised previously. *Ray E. Friedman & Co. v. Jenkins,* 824 F.2d 657 (8th Cir.1987). However, even if the Court could consider this argument, the statute specifically provides that it applies to "any state licensed architect or professional engineer" or "any *contractor* making the improvement". The definition of contractor is set out in M.C.L.A. § 600.5839(4); M.S.A. § 27A.5839(4) which states:

(4) As used in this section, "contractor" means an individual, corporation, partnership, or other business entity which makes an improvement to real property.

This Court is convinced that Beloit Corporation made an improvement to real property and qualifies as a contractor entitled to the protection of the statute. The statute does not require that a contractor be licensed.

Plaintiffs next assert that the Court erred in its holding that the papermaking machine was an improvement to realty as defined by the above quoted statutes. As stated in the oral Opinion, this Court is in somewhat the same position as was the Sixth Circuit in *Adair v. Koppers Co.,* 741 F.2d 111 (6th Cir.1984). That is, the Court must make an "educated guess" as to how the highest court in the state would interpret the term "improvement to real property."

The Michigan Supreme Court has not specifically defined the term "improvement to real property" within the meaning of the statute. However, in *Fennell v. John J. Nesbitt, Inc.,* 154 Mich.App. 644, 398 N.W.2d 481 (1986), the Michigan Court of Appeals adopted the rationale used by the Court in *Adair* to determine whether a particular structure or machine was an "improvement to real property."

This Court believes that *Adair* provides the best method to analyze the issue. Contrary to plaintiffs' claims, *Adair* did not analyze the question in "(reliance) upon Ohio law, ..." Rather, *Adair* provides a means of statutory construction generally applicable to these very similar statutes.

*Adair* requires a "common sense" approach. When this Court applies the *Adair* common sense approach to the papermaking machine at issue in this case, it once again comes to the conclusion that the papermaking machine is an improvement to real property.

The plaintiffs would have the Court isolate the stack calender and view it as one component of the machine. This issue was addressed by the Court in *Adair*. In *Adair*, the plaintiff was injured on a conveyor which was the first in a line of conveyors used to transport coal from railroad tracks through processing facilities to coke ovens. The plaintiff attempted to focus on the individual conveyor or the pulley and belt which were involved in the accident since these components were arguably equipment rather than improvements. The Court, however, stated that the nature of the conveyor could best be understood in light of its "integral" role in the coal handling system:

> The issue is whether a component of a system which is definitely an improvement to real property is an improvement to real property itself. However, to artificially extract each component from an improvement to real property and view it in isolation would be an unrealistic and impractical method of determining what is an improvement to real property. Frequently, as in this case, an improvement to real property is going to consist of a complex system of components.

*Adair*, 741 F.2d at 115 (quoting *Mullis v. Southern Co. Services, Inc.*, 250 Ga. 90, 296 S.E.2d 579, 584 (1982)).

Likewise, the stack calender which allegedly caused Mr. Matthews' injuries was an essential component in a larger system. Without it or some substitute, the S.D. Warren Company could not produce paper of the same quality. Therefore, the stack calender must not be viewed in isolation but as a component of the entire papermaking machine.

The entire papermaking machine is approximately 350 feet long and between 24 and 25 feet wide. It occupies two stories of a building at S.D. Warren Company's plant. The machine is supported by base plates which are permanently affixed to the concrete floor. Mr. Matthews testified that the papermaking machine is approximately a block long in length and that the machine is interconnected with the building. The basement below the machine houses a conveyor system which is also a component of the machine (Matthews Deposition at 85–86). The machine manufactures paper in one continuous process from the wet, pulp beginning to the finished paper product. *The machine is,* in effect, *the factory*—albeit, protected by a roof and walls. In fact, the walls and roof were designed to accommodate the papermaking machine rather than vice-versa.

Nothing in *Adair* leads this Court to believe that only roofs, walls, floors and HVAC systems constitute improvements to realty within the meaning of these statutes of repose. Using the "common sense" approach, the Court in *Adair* held that *a machine was an improvement to real property.* If the Michigan legislature desired to limit the protection of this statute to buildings subject to the State's building code, it could have done so.

In determining whether the integrated system of components—a machine—was an improvement to real property, the Court in *Adair* looked at four factors:

> ... whether a modification adds to the value of the property for the purposes of its intended use, as well as "the nature of the improvement, its relationship to the land and its occupants, and its permanence."

*Adair*, 741 F.2d at 114 (citations omitted). A comparison of these four factors with the facts in this case also lead to the conclusion that the papermaking machine is an improvement to realty.

### Adds To Value

In this case, the papermaking machine does add to the value of the property. S.D. Warren Company is in the business of manufacturing paper. By enabling the company to manufacture paper, the machine enhances the utility of the property and adds to its value just as the coal handling system in *Adair* added to the value of the property.

### Nature Of The Improvement

In considering the nature of the improvement, the Court in *Adair* found that the conveyor was an essential component in a larger system. It was referred to as an integral part of the coal conveying system of the coke plant. *Id.* at 114. Likewise, it is undisputed that the stack calender at issue in this case is an integral part of the papermaking machine.

### Relationship To Land And Its Occupants

In reviewing the relationship between the improvement and the land, the Court in *Adair* found that the entire coal handling system was essential to the operation of the company. Similarly, the papermaking machine in this case is essential to the operation of the S.D. Warren Company. Without it the company would be unable to produce paper. As shown earlier, the papermaking machine is connected by pipes and conveyors to the ground. It is 350 feet long and two stories high.

### Permanence

Plaintiffs would equate "permanent" with "eternal." "Permanent" means that the improvement is to function for a long, indefinite period without regard to unforeseeable conditions. *Random House Dictionary of the English Language*, (2d ed. 1987). This papermaking machine is supported by base plates which are bolted and permanently affixed to the floor. The papermaking machine is not something that can be removed and replaced at will. It is not a simple saw or even a 250 ton press that can be assembled, disassembled, moved, or replaced within a building. The machine occupies two stories of the building and has not been moved in over 25 years. The papermaking machine has been in place since 1923. The original stack calender was rebuilt in 1965 and has never been moved from its original installation site at the mill. Although the conveyor in *Adair could* be removed, the Court nevertheless found that it was permanent. This Court concludes that the papermaking machine is also a permanent installation.

The Court is not persuaded by plaintiffs' arguments or cases. This is not a question of what is subject to real or personal property taxes. The Court in *Adair* distinguished between the term "improvement" as it was used in the context of establishing preferential tax treatment and its use in determining stale litigation.

This Court notes it is not alone in its holding that a machine can constitute an improvement to real property. In addition to *Adair,* the Court in *St. Louis v. Rockwell Graphic Systems, Inc.*, 220 Ill.App.3d 704, 163 Ill.Dec. 142, 581 N.E.2d 93 (1 Dist. 1991), *appeal granted,* 143 Ill.2d 648, 167 Ill.Dec. 410, 587 N.E.2d 1025 (1992), found that a machine qualified as an improvement to real property. In *Rockwell*, a newspaper employee whose arm was caught between two rollers on a printing press brought an action against the companies which manufactured and installed the press. The defendants moved to dismiss based upon a 10 year statute of repose. The trial court granted their motion. On appeal, the plaintiff argued that the printing press was a product rather than an improvement to realty. He claimed that the press was a chattel which was divisible from the building. The court of appeals disagreed. It viewed the entire system rather than a single component of the system and concluded that the printing press was an improvement to real property. The press was a valuable addition to the printing plant that furthered the purposes of the plant by printing more newspapers. Similarly, the papermaking machine in this case furthers the purposes of the S.D. Warren Company by manufacturing paper and can properly be classified as an improvement to real property.

For the reasons outlined above, plaintiffs' Motion For Reconsideration is denied. An order consistent with this Opinion will be entered.