Ronald L. HEIDER Plaintiff,

v.

W.R. GRACE & CO.–CONN., Defendant.

No. 89 C 9067.

United States District Court,
N.D. Illinois, E.D.

March 3, 1993.

Kevin J. Conway, James Richard Hopkinson, William Robert Fahey, Katharine Crane Byrne, Cooney & Conway, Chicago, IL, for plaintiff.

William L. Barr, Jr., Frank K. Heap, Ellen S. Kornichuk, Bell, Boyd & Lloyd, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

ZAGEL, District Judge.

The facts are not contested. On June 16, 1986, Ronald L. Heider bought a building at 840 North State Street, Elgin, Illinois, from Lee Wards Creative Craft, Inc. The building was erected in 1967, and when it was built, the contractor (unrelated to Grace) installed Grace's fireproofing on the structural members on the second floor of the building. The fireproofing contained asbestos. The claim against Grace is that it was negligent in incorporating asbestos into its fireproofing which it sold to contractors who applied it in buildings. The fireproofing was mass produced. Grace neither installed it nor provided equipment to install it.

Grace says the complaint goes out because of Section 13–214(b) of the Illinois Code of Civil Procedure which provides "[n]o action ... may be brought ... for an act or omission ... in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property after 10 years have elapsed from the time of such act or omission."

Does this statute apply to asbestos-property damage cases? There is law applying it to the negligent designing and making of structural members of a roof which collapsed (*Signode Corp. v. Normandale Properties, Inc.*, 177 Ill.App.3d 526, 126 Ill.Dec. 797, 532 N.E.2d 482 (1st Dist. (1988)) and to the designing, making and installing of a printing press (if it is an improvement to real property) which crushed someone's arm. *St. Louis v. Rockwell Graphic Sys. Inc.*, 220 Ill.App.3d 704, 163 Ill.Dec. 142, 581 N.E.2d 93 (1st. Dist.1991), *vacated on other grounds*, 153 Ill.2d 1, 178 Ill.Dec. 761, 605 N.E.2d 555 (1992). Some state trial courts also have used the statute to dismiss claims of asbestos property damage. Obviously this suit is brought after 1977. If the statute applies, the lawsuit is lost.

There are, however, judges who would hesitate to apply this statute of repose to manufacturers of mass produced standard building materials. In *Witham v. Whiting Corp.*, 975 F.2d 1342 (7th Cir.1992), I applied the statute to the maker of a crane constructed specifically for one area of a particular plant. In affirming my finding that the crane was an improvement to real property, the Court of Appeals noted that there may be "a problem with applying the ... statute of repose ... to a manufacturer of a product" where

the manufacturer produces a standard product and has no role in the particular construction project. *Witham,* 975 F.2d at 1346. A state trial court has refused to apply the statute in these sorts of cases and particularly in a case involving the asbestos product in this case. Another state court has applied it to this very product. And *Signode* did involve a defendant who designed and installed the roofing members as did *St. Louis* where it was alleged defendant installed the printing press. Another Appellate Court opinion says suppliers of material are excluded from the statute. *People ex rel. Skinner v. Hellmuth, Obata & Kassabaum, Inc.,* 135 Ill. App.3d 765, 90 Ill.Dec. 448, 482 N.E.2d 155 (2nd Dist.1985), *rev'd on other grounds,* 114 Ill.2d 252, 102 Ill.Dec. 412, 500 N.E.2d 34 (1986). Finally, there is legislative history that suggests the statute is designed to protect architects, engineers, contractors and not manufacturers. This was the rule of the predecessor statute. *Skinner v. Anderson,* 38 Ill.2d 455, 231 N.E.2d 588 (1967).

Grace's argument is that the statute of repose protects an "activity," not particular professions or occupations. I doubt the plaintiff disagrees. Heider says the activity here is mass production and sales of material. Grace says the activity is "designing and planning for its sale and use in buildings." This dispute boils down to whether the words "design" and "planning" in the statute includes this activity. It should be clear that Grace has not drawn its characterizations from thin air. It is Heider who alleged that Grace "designed" the product.

I believe that the extension of "design" and "planning" to cover the activity of Grace is to extend the statute beyond what the General Assembly intended. Anything which is made is in a sense designed and, in our society, planned for sale and use. This is true of a brick or a two-by-four. About the only activity exempt from coverage of the statute, as Grace reads it, would be a gatherer of rocks for natural stone walls although the gatherer could be said to plan for their sale and use. Reliance on the commonly accepted meanings of words can never be taken with assurance. Yet I give some weight to my view that the design and planning in construction

referred to in the statute is not what Grace did here. Indeed, the focus in some opinions on "installing" or "involvement" in construction is a product of an effort to draw some rational limit to the scope of the statute. The legislative history and the context of the statute support the notion that the statute is to have limits. I do not doubt that Grace's reading of the statute is lexically possible, but so is Heider's, and the context of the statute favors Heider's reading.