COLLETTE HAWLEY, Plaintiff-Appellant, v. ARTHUR KENLEY *et al.*, Defendants-Appellees.

Third District    No. 3—93—0735

Opinion filed May 5, 1994.

Nicholas B. Svalina, of Brunswick, Keefe & Deer, of Blue Island (Hope F. Keefe, of counsel), for appellant.

Mustain & Lindstrom (Douglas D. Mustain, of counsel), and Bill Butts, of Bill Butts Barrister, Ltd., both of Galesburg, for appellees.

JUSTICE STOUDER delivered the opinion of the court:

The plaintiff, Collette Hawley, brought an action against the defendants, Arthur Kenley and Kay Kenley, her stepgrandfather and her maternal grandmother. The circuit court granted the defendants' motion to dismiss the plaintiff's complaint with prejudice. The plaintiff appeals. We affirm.

On July 24, 1992, the plaintiff filed a four-count complaint against the defendants. In the complaint, she alleged that Arthur Kenley repeatedly sexually abused her from the time she was approximately nine years old until she was about 16 years old. She also alleged her grandmother, Kay Kenley, knew the abuse was taking place, failed to prevent it, and failed to protect the plaintiff from the abuse. In her complaint, she alleged the abuse caused severe psychological trauma resulting in loss of memory and suppression of her memory of physi-

cal and sexual abuse. She further alleged that because of the psychological trauma caused by the actions of the defendants, she had been unable to recall "any" of the alleged abuse until sometime in August of 1990. She sought compensatory and punitive damages from the defendants. The record shows that at the time she filed the complaint in 1992, the plaintiff was 26 years old.

The defendants filed a motion for discovery limited to issues relating to the statute of limitations. The motion was granted. Subsequently, the defendants filed a motion to dismiss pursuant to section 2—619 of the Code of Civil Procedure (the Code) (735 ILCS 5/2—619 (West 1992)). The defendants asserted the plaintiff's action was barred by the applicable statute of limitations. See 735 ILCS 5/13—202.2 (West 1992).

Attached to the motion was the deposition testimony of the plaintiff taken on February 23, 1993. In the deposition, the plaintiff testified that the last incident of abuse by Arthur Kenley occurred during the midsummer of 1982, when she was 16 years old. This final act of alleged abuse took place while she, her grandparents, and other members of her family were cleaning up church campgrounds near Oswego. The plaintiff testified that on that date, Arthur Kenley sexually abused her and her cousin, Kimberly Raymond. (At the time of the deposition, the plaintiff's testimony indicates Kimberly Raymond was either dead or missing.) The plaintiff further testified that Kimberly Raymond was present on as many as 20 separate occasions when she and Kimberly were abused by their stepgrandfather.

The plaintiff testified she began recalling the abusive events after she spoke with Kimberly Raymond on September 24, 1990. (At the time, the plaintiff was 24 years old.) On that day, Kimberly called her and was upset because Kimberly's mother had forced her to confront Arthur Kenley, and she had been told her allegations were a "fiction" resulting from the fact she was a drug user. The plaintiff also testified she had "overheard" other relatives talking about abuse prior to September 24, 1990.

Thereafter, the following colloquy took place:

"Q. Okay. *** you just answered that in general you had some recollection in between the last event and September 24, 1990 of your grandfather committing abusive acts to [sic] you. And what I'm trying to determine now is approximately when those recollections may have occurred.

A. The general idea that my grandfather molested me has always been in my mind. That's the general; that he had done something to me. The knowledge of what he had done I didn't recollect until after September 24.

Q. In other words, the specific events that you're complaining of you didn't remember until on or after September 24 of 1990?

A. That's correct.

Q. However, in general the fact that you believed that your grandfather had abused you you recalled and have always recalled since they happened; is that correct?

A. That is correct."

Also attached to the motion were letters written by the plaintiff on September 27, 1990, to her relatives asking them to come forward and relate their experiences of abuse by Arthur Kenley. In one of those letters the plaintiff stated, "It took me almost 5 years to convince my mother when it never should have even been a doubt in her mind. It had nothing to do with the fact that I lie or that I was on drugs, or what other excuses my mom came up with at that time to deny the facts. She is aware of it now and does suffer a grievence [*sic*] for doubting me \*\*\*."

After a hearing, the circuit court granted the motion to dismiss with prejudice, finding that the statute of limitations had expired prior to the filing of the complaint and that the cause of action was barred as to both defendants.

On appeal, the plaintiff contends the circuit court erred in granting the motion because there was a material and genuine disputed question of fact and, in the alternative, that the court's decision was against the manifest weight of the evidence.

The primary purpose of section 2—619 is to afford a means of obtaining, at the outset of a case, a summary disposition of issues of law or of easily proved questions of fact. (*St. Louis v. Rockwell Graphic Systems, Inc.* (1991), 220 Ill. App. 3d 704, 581 N.E.2d 93.) Section 2—619(a)(5) provides as a grounds for dismissal that "the action was not commenced within the time limited by law." 735 ILCS 5/2—619(a)(5) (West 1992).

Whether the plaintiff's action was timely brought is determined by looking to the provisions of sections 13—202.2(b) and (c) of the Code. Those sections provide:

"(b) An action for damages for personal injury based on childhood sexual abuse must be commenced within 2 years of the date the person abused discovers or through the use of reasonable diligence should discover that the act of childhood sexual abuse occurred and that the injury was caused by the childhood sexual abuse, but in no event may an action for personal injury based on childhood sexual abuse be commenced more than 12 years after the date on which the person abused attains the age of 18 years.

(c) If the injury is caused by 2 or more acts of childhood sexual abuse that are part of a continuing series of acts of childhood

sexual abuse by the same abuser, then the discovery period under subsection (b) shall be computed from the date the person abused discovers or through the use of reasonable diligence should discover (i) that the last act of childhood sexual abuse in the continuing series occurred and (ii) that the injury was caused by any act of childhood sexual abuse in the continuing series." 735 ILCS 5/13—202.2(b), (c) (West 1992).

■ Childhood sexual abuse is defined as sexual abuse which occurs to a person under 18 years of age. (735 ILCS 5/13—202.2(a) (West 1992).) The limitations period of section 13—202.2(b) does not begin to run until the alleged victim has attained the age of 18 years. 735 ILCS 5/13—202.2(d) (West 1992).

Thus applying the "discovery rule" found in section 13—202.2, if the plaintiff in this case discovered, or through the use of reasonable diligence should have discovered, that she was a victim of childhood sexual abuse and that the abuse caused her alleged injuries, and such discovery occurred more than two years before she filed her complaint, her action is barred.

The plaintiff filed her complaint when she was 26 years old (1992). In that complaint, she alleged she was last sexually abused by Arthur Kenley when she was 16 years old (1982). She alleged in the complaint that because of severe psychological trauma caused by the abuse she did not remember "any" of the abuse until "sometime in August of 1990."

However, in her deposition the plaintiff testified that she had a general recollection of being abused by her stepgrandfather dating from the time of the abuse. She claimed that only after her conversation with her cousin, Kimberly Raymond, on September 24, 1990, did she begin to remember the specific acts of abuse. Secondly, in a letter written only three days after her conversation with Kimberly Raymond, the plaintiff told her relatives that it took her five years to convince her mom that she had been abused. Accompanying this letter was a "testimony" written by the plaintiff in which she describes, in detail, the series of sexual and physical acts of abuse committed against her by Arthur Kenley. The record also shows the plaintiff had been under the treatment of a psychiatrist since 1987 or 1988.

The record clearly reflects that the plaintiff had knowledge of, or through the use of reasonable diligence should have discovered, the alleged childhood sexual abuse and the injury resulting from that abuse years before she filed her complaint. The letter to her relatives shows she had knowledge of the abuse at least seven years before she filed her complaint. At the very least, this knowledge, even if only

general, placed the plaintiff " 'under an obligation to inquire further to determine whether an actionable wrong was committed.' " (*Phillips v. Johnson* (1992), 231 Ill. App. 3d 890, 892, 599 N.E.2d 4, 6, quoting *Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 171, 421 N.E.2d 864, 868.) Thus, plaintiff's complaint against Arthur Kenley for personal injuries arising out of alleged childhood sexual abuse was barred by the statute of limitations found in section 13—202.2.

■ Secondly, since plaintiff's claims of personal injury against her grandmother, Kay Kenley, were not premised on Kay Kenley's having committed any act of childhood sexual abuse against the plaintiff, those claims are governed by the general two-year statute of limitations found in section 13—202 (735 ILCS 5/13—202 (West 1992)). On this record, those claims are also time barred.

■ Plaintiff's argument that there was a disputed issue of material and genuine fact barring the defendants' motion (see 735 ILCS 5/2—619(c) (West 1992)) is without merit. The only alleged dispute is the result of apparent contradictions between statements in her complaint and statements made by her during her deposition. (The plaintiff testified in her deposition on February 23, 1993, that she had never seen or read the complaint filed in July of 1992.) This does not create a disputed question of fact between the parties.

For the foregoing reasons, the judgment of the circuit court of Knox County is affirmed.

Affirmed.

LYTTON and BRESLIN, JJ., concur.