JOSEPH HOBERT, Plaintiff-Appellant, v. COVENANT CHILDREN'S HOME et al., Defendants-Appellees.

Third District   No. 3—99—0371

Opinion filed January 5, 2000.

Francis Van Hooreweghe (argued), of Van Hooreweghe, Fackel & Thuline, of Moline, and Tobias G. Barry and Thomas L. McClintock, both of Aplington, Kaufman, McClintock, Steele & Barry, of La Salle, for appellant.

T. Donald Henson and Joel M. Koppenhoefer (argued), both of Herbolsheimer, Lannon, Henson, Duncan & Reagan, P.C., of Ottawa, for appellees.

JUSTICE BRESLIN delivered the opinion of the court:

Joseph Hobert filed suit against John H. Tanton, a social worker, and his employer, Covenant Children's Home (Covenant), for injuries sustained as a result of alleged sexual abuse by Tanton when Hobert was a resident at Covenant in his youth. The trial court determined that section 13—202.2 of the Code of Civil Procedure (735 ILCS 5/13—202.2 (West 1998)) does not apply to a nonabuser to toll the running of the statute of limitations until the child sexual assault victim discovers that he or she has been injured as a result of the abuse. Consequently, the court dismissed the counts against Covenant as time-barred by the two-year statute of limitations applicable to general personal injury cases. See 735 ILCS 5/13—202 (West 1998). We hold that section 13—202.2 may apply to a nonabuser and, accordingly, we reverse.

## FACTS

Covenant hired Tanton as a social worker in 1976 and then fired him two years later for sexually abusing a resident. It then rehired Tanton in 1981, three years after firing him. Hobert resided at Covenant during 1983 and 1984 while he was 15 and 16 years of age. In 1986, Covenant again fired Tanton for abusing residents.

In October of 1996, Hobert returned to Covenant for a reunion. While there, he claims that he began to experience recurring memo-

ries of being abused by Tanton. Hobert immediately began seeing a psychiatrist and filed suit against both Tanton and Covenant in January of 1997, three months after remembering the abuse.

Count I of Hobert's complaint alleged that Covenant acted negligently in hiring, supervising and retaining Tanton. Count II alleged that Covenant acted willfully and wantonly in hiring, supervising and retaining Tanton. Count IV alleged that Covenant was liable for Hobert's injuries under a *respondeat superior* theory. All the counts against Covenant were dismissed by the trial court as time-barred under section 13—202. See 735 ILCS 5/13—202 (West 1998). In relying upon *Hawley v. Kenley*, 261 Ill. App. 3d 307, 634 N.E.2d 20 (1994), the court found that the time at which the statute of limitations commences could not be extended until the date of discovery of the injury pursuant to section 13—202.2 (735 ILCS 5/13—202.2 (West 1998)), because that section does not apply to an abuser's employer. Hobert appeals.

## ANALYSIS

The issue on appeal is whether section 13—202.2 applies to extend the statute of limitations to an alleged abuser's employer and, if so, whether section 13—202.2 should be applied in this case.

■ On appeal from an order dismissing a complaint, this court applies the *de novo* standard of review. *Benbenek v. Chicago Park District*, 279 Ill. App. 3d 930, 665 N.E.2d 500 (1996).

Before the enactment of section 13—202.2, sexual abuse claims were subject to the statute of limitations set forth in section 13—202. Section 13—202 applies generally to personal injury suits and provides that, in an action for damages for injury to the person, a suit must be commenced within two years after the cause of action accrues. 735 ILCS 5/13—202 (West 1998). Because child sexual assault victims are necessarily below the age of majority, section 13—211 provides that such causes of action accrue at age 18. 735 ILCS 5/13—211 (West 1998).

■ In light of a growing awareness that child sexual assault victims often suffer from repressed memory, the Illinois courts have relied upon the common law discovery rule to toll the two-year statute of limitations found in section 13—202. See, *e.g.*, *Phillips v. Johnson*, 231 Ill. App. 3d 890, 599 N.E.2d 4 (1992). The common law discovery rule postpones the commencement of the statute of limitations until the injured person becomes possessed of sufficient information concerning his injury and its cause to put a reasonable person on notice to make further inquiries. *Franke v. Geyer*, 209 Ill. App. 3d 1009, 568 N.E.2d 931 (1991).

■ The common law discovery rule, as applied specifically to child sexual abuse situations, was later codified as section 13—202.2. It provides that a person must bring a suit for personal injury based on childhood sexual abuse within two years of the date the person discovers or should discover that an act of sexual abuse occurred and that injury resulted. 735 ILCS 5/13—202.2(b) (West 1998). While section 13—202.2 initially contained language that prohibited a plaintiff from filing suit 12 years after the plaintiff reached age 18, that portion of the statute was deleted in 1994. See *Pedigo v. Pedigo*, 292 Ill. App. 3d 831, 686 N.E.2d 1180 (1997). Section 13—202.2 applies to actions pending on or after January 1, 1991. 735 ILCS 5/13—202.2(e) (West 1998).

In this case, Covenant relies upon *Hawley*, as the trial court did, to argue that section 13—202.2 does not apply to a nonabuser. In *Hawley*, the plaintiff sued not only her sexually abusive grandfather but also her grandmother, on the theory that the grandmother knew of the abuse but failed to prevent it. The court applied section 13—202.2 to the grandfather but found that the plaintiff's cause of action was barred because there was evidence the plaintiff knew of the abuse and the injury approximately seven years before she filed suit. *Hawley*, 261 Ill. App. 3d at 311, 634 N.E.2d at 23. Turning to the count against the grandmother, the court tersely stated that section 13—202.2 was inapplicable because the grandmother did not commit any act of sexual abuse against the plaintiff and, therefore, her claim was governed by the general two-year statute of limitations found in section 13—202. *Hawley*, 261 Ill. App. 3d at 312, 634 N.E.2d at 23.

Both counts in the *Hawley* case were ultimately dismissed because the plaintiff knew of the abuse and resulting injury more than two years before she brought suit. The *Hawley* court articulated no reason for limiting the scope of section 13—202.2 to only the abuser, and we cannot find a reason to do so.

■ The fundamental goal of statutory construction is to give effect to the legislature's intent. *In re Application of the County Collector*, 181 Ill. 2d 237, 692 N.E.2d 264 (1998). To do so, courts should give language in a statute its plain and ordinary meaning. *Paris v. Feder*, 179 Ill. 2d 173, 688 N.E.2d 137 (1997). Courts should not depart from the plain meaning of a statute by reading into it exceptions, limitations, or conditions that conflict with the express language. *Goff v. Teachers' Retirement System*, 305 Ill. App. 3d 190, 713 N.E.2d 578 (1999).

■ Our conclusion on this issue is one dictated by plain statutory language. Section 13—202.2 specifically states that it applies to "[a]n action for damages for personal injury based on childhood sexual

abuse." 735 ILCS 5/13—202.2(b) (West 1998). Nowhere does the statute limit its application to injuries that are the result of childhood sexual abuse by the abuser. We fail to see how the phrase "based on" could be read to mean anything other than any action brought for injuries suffered as a result of childhood sexual abuse, whether it be at the hands of the abuser or by reason of a party's nonaction when such party had a duty to protect the child being abused. Accordingly, we hold that section 13—202.2 may apply to a nonabuser to toll the statute of limitations when the nonabuser had a duty to protect the child-victim, and we specifically overrule *Hawley* to the extent that it conflicts with this opinion.

We note that there has been some variance between the districts on the applicability of section 13—202.2 when a plaintiff, like Hobert, has reached the age of 20 (the date at which a suit is no longer viable under section 13—202) prior to January 1, 1991, the enactment date of section 13—202.2. See *D.P. v. M.J.O.*, 266 Ill. App. 3d 1029, 640 N.E.2d 1323 (1994); *Ferrer v. Kuhl*, 301 Ill. App. 3d 694, 704 N.E.2d 875 (1998), *appeal allowed*, 183 Ill. 2d 567 (1999). Because the effect of section 13—202.2 on a cause of action is no different than the effect of section 13—202 coupled with the common law discovery rule, we see no reason to address those other appellate decisions holding that section 13—202.2 is inapplicable in a case like the one before us.

The question remaining for the trier of fact is whether Hobert knew of the abuse and resulting injury more than two years before filing suit. This question needs to be resolved on remand. Because our determination on the section 13—202.2 issue is dispositive of this appeal, we need not address Hobert's other arguments.

For the foregoing reasons, the judgment of the circuit court of Bureau County is reversed and this cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

HOMER and KOEHLER, JJ., concur.