Maximo DOMINGUEZ, Personal Representative of the Estate of Jacqueline Del Carmen Medina, Deceased, Plaintiff,

v.

LANHAM MACHINERY COMPANY, INC., APV Consolidated, Inc., APV Baker Company, Inc., Defendants.

No. 1:97–CV–212.

United States District Court,
W.D. Michigan,
Southern Division.

Aug. 23, 2000.

Stephen L. Grimm, Sukup & Grimm, PC, Steven L. Skahn, Law Offices of Steven L. Skahn, Grand Rapids, MI, for Plaintiff.

Mark H. Verwys, Plunkett & Cooney, PC, Grand Rapids, MI, for Defendants.

## MEMORANDUM OPINION

QUIST, District Judge.

Defendants, Lanham Machinery Company, Inc., APV Consolidated, Inc., and APV Baker Company, Inc. (collectively "APV" or "Defendants"), filed a motion seeking dismissal or summary judgment based on, among other things, a statute of limitations/statute of repose, M.C.L. § 600.5839(1). In a January 24, 2000, Memorandum Opinion and Order, this Court held that APV waived its statute of limitations/statute of repose defense by not raising the defense in a timely manner. In that Opinion and Order, this Court did not reach the issue of whether § 600.5839(1) was a statute of limitation or a statute of repose, finding that, regardless of the characterization, the defense was waived by APV's delay in raising it. This matter is before the Court on APV's Motion for Reconsideration arguing that § 600.5839(1) is a statute of repose which cannot be waived and, therefore, the Court should have dismissed Plaintiff's claims.

### Discussion

APV contends that § 600.5839(1) is a statute of repose which is substantive in nature and cannot be waived by APV's failure to raise the defense in a timely manner. In support of this argument, APV cites the unreported decision of the United States Court of Appeals for the Sixth Circuit in *Hayes v. General Motors Corp.*, No. 95–5713, 1996 WL 452916 (6th Cir. Aug.8, 1996) (per curiam). The *Hayes* court found that a Tennessee statute of repose was substantive and, therefore, could not be waived. *See id.* at *4. *Hayes*, however, was expressly based on Tennessee characterizations of statutes of repose as substantive mechanisms which cannot be waived, as opposed to statutes of limitations which Tennessee characterizes as waivable procedural mechanisms. *See id.* Because the *Hayes* court relied on Tennessee law for its determination the *Hayes* decision is not controlling on this issue under Michigan law. Other jurisdictions require that a statute of repose be raised as an affirmative defense. *See Dunton v. Whitewater W. Recreation, Ltd.*, 942 P.2d 1348, 1350–51 (Colo.App.1997) (finding that a statute of repose was not jurisdictional and, therefore, could be waived if not raised as an affirmative defense); *see also Koch v. Shell Oil Co.*, 52 F.3d 878, 880 (10th Cir.1995) (applying Kansas law and finding that both statutes of repose and statutes of limitation must be raised as affirmative defenses); *Patton v. Hutchinson Wil–Rich Mfg. Co.*, 253 Kan. 741, 747, 861 P.2d 1299, 1306 (1993) (holding that a statute of repose is an affirmative defense that must be pled).

The specific issue before this Court on reconsideration is whether, under *Michigan* law, M.C.L. § 600.5839(1) is a statute which need be raised as an affirmative defense or whether it is a statute which prevents a claim from arising in the first instance. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). If it is a statute that must be raised as an affirmative defense, then this Court would again hold that APV waived the defense by failing to plead the affirmative defense in a timely manner. If § 600.5839(1) is a statute which prevents a claim from arising in the first instance, then Plaintiff has failed to state a claim upon which relief can be granted. Failure to state a claim for which relief can be granted is not waived and may even be made at the trial on the merits. *See* Fed. R.Civ.P. 12(h)(2); *Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 610 (6th Cir.1995). Therefore, a defendant need not assert in its answer an affirmative defense that plaintiff has failed to state a claim upon which relief can be granted. *See id.* at 610–11. If matters outside the pleadings are presented to the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. *See* Fed.R.Civ.P. 12(b).

### Statutes

M.C.L. § 600.5839(1):

No person may maintain any action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of such injury, ... against any contractor making the improvement, more than 6 years after the time of occupancy of the completed improvement, use, or acceptance of the improvement

. . . .

28 U.S.C. § 1738:

The records and judicial proceedings of any court of any such State ... shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

### *Analysis*

This Court concludes that Dominguez has no claim against APV arising out of the 1996 fire. Because this Court will grant APV's motion for reconsideration, the Court will accept Dominguez's Brief in Response to Defendants' Motion for Reconsideration pursuant to L.Civ.R. 7.4(a).

█ The effect of M.C.L. § 600.5839(1) is set forth most clearly by the Michigan Supreme Court in *O'Brien v. Hazelet & Erdal*, 410 Mich. 1, 299 N.W.2d 336 (1980), wherein the Court said:

As one Court of Appeals panel explained, the instant statute is both one of limitation and one of repose. For actions which accrue within six years from occupancy, use, or acceptance of the completed improvement, the statute prescribes the time within which such actions may be brought and thus acts as a statute of limitations. *When more than six years from such time have elapsed before an injury is sustained, the statute prevents a cause of action from ever*

*accruing. The plaintiff is not deprived of a right to sue a state-licensed architect or engineer because no such right can arise after the statutory period has elapsed.*

*Id.* at 15, 299 N.W.2d at 341 (emphasis added) (footnotes omitted). Then, in quoting *Rosenberg v. Town of North Bergen,* 61 N.J. 190, 199–200, 293 A.2d 662, 667 (1972), with approval:

[The statute] does not bar a cause of action; its effect, rather, is to prevent what might otherwise be a cause of action, from ever arising. Thus injury occurring more than ten years after the negligent act allegedly responsible for the harm, forms no basis for recovery. *The injured party literally has no cause of action.* The harm that has been done is *damnum absque injuria*—a wrong for which the law affords no redress. The function of the statute is thus rather to define substantive rights than to alter or modify a remedy. The Legislature is entirely at liberty to create new rights or abolish old ones as long as no vested right is disturbed.

410 Mich. at 15–16, n. 19, 299 N.W.2d at 341, n. 19 (underlining added). Thus, if more than six years elapsed from the time the Butterworth Facility Oven (the "Oven") was installed, if APV was a person subject to the protection of the statute, and if the Oven was an improvement to real property, M.C.L. § 600.5839(1) prevents "a cause of action from ever accruing." There is no genuine issue of material fact about when the Oven was installed or when the fire occurred. Installation of the Oven was completed no later than 1988, and the fire at the Butterworth facility occurred in 1996. Dominguez's claims, therefore, fall beyond the six year time limit.

### 1. Issue Preclusion

█ Under Michigan law, machines and ovens can be improvements to real property as those terms are used in § 600.5839(1). *See Matthews v. Beloit*

Corp., 807 F.Supp. 1289, 1291–92 (W.D.Mich.1992); *Phillips v. Langston Corp.*, 59 F.Supp.2d 696, 702–703 (E.D.Mich.1999) (mem.op.); *Pendzsu v. Beazer East, Inc.*, 219 Mich.App. 405, 411–12, 557 N.W.2d 127, 132 (1996). Furthermore, the statute applies to injuries to third persons such as employees. *See Travelers Ins. Co. v. Guardian Alarm Co. of Michigan*, 231 Mich.App. 473, 478–82, 586 N.W.2d 760, 763–64 (1998) (per curiam).

On December 6, 1999, in the state court case addressing the issue of whether Roskam had a valid claim against APV because of the 1996 fire, Circuit Court Judge H. David Soet dismissed Roskam's cross-claims in *Trafford Park v. Roskam Baking Co., et al.* against co-defendant APV for contribution and indemnification as barred pursuant to § 600.5839(1). (*See* 12/7/99 Order, Defs.' Reply Br. Attach. A.) Judge Soet must have held that § 600.5839(1) was a statute of repose which prevents a claim from arising in the first instance, that the Oven was an improvement to real estate, and that APV was a contractor entitled to the protection of the statute.

■ This Court must give a Michigan court's judgment the same preclusive effect it would be given under Michigan law. *See Spence v. TRW, Inc.*, 92 F.3d 380, 382 (6th Cir.1996). Under Michigan law, an issue is precluded from relitigation in "a subsequent, different cause of act on *between the same parties* where the prior proceeding culminated in a valid, final judgment and he issue was actually litigated and necessarily determined." *See Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 461–62 (6th Cir.1999)(emphasis added). Because Dominguez was not a party in *Trafford Park*, issue preclusion does not apply in the present case.

**2. Section 600.5839(1)**

■ Dominguez contends that APV was not a contractor and that, even if it were,

the Oven was not an improvement to the Butterworth facility. A "contractor" is defined as, among others things, a "corporation ... or other business entity which makes an improvement to real property." M.C.L. § 600.5839(4). Dominguez argues that APV did not make the improvement because Roskam employees performed the actual installation of the Oven in the Butterworth facility. This Court has already found that APV was responsible for supervising installation of the Oven at the Butterworth facility pursuant to the Oven Contract. *See Roskam Baking Co. v. Lanham Mach. Co.*, 71 F.Supp.2d 736, 739 (W.D.Mich.1999). Whether APV or Roskam employees performed the physical tasks necessary to install the Oven, APV was responsible for overseeing the installation and was thus a contractor.

■ In determining whether the Oven is an "improvement to real property" this Court takes a "common sense" approach and considers the following factors: 1) whether the modification adds value to the property for purposes of the property's intended use, 2) the nature of the improvement, 3) the relationship of the improvement to the land and its occupants, and 4) the improvement's permanence. *See Adair v. Koppers Co.*, 741 F.2d 111, 114 (6th Cir.1984); *In Pendzsu v. Beazer East, Inc.*, see also *Pendzsu*, 219 Mich.App. 405, 411, 557 N.W.2d 127, 131–32 (1996), the Michigan Court of Appeals adopted the *Adair* test and analysis. The Court will consider each of the factors in determining whether the Oven was an improvement to real property.[1]

**1. Adds to Value of the Property**

The Oven adds value to the Butterworth facility. Roskam is a baking company. By enabling Roskam to bake its product, the Oven adds value to the Butterworth

---

1. In making its determination, the Court relies solely on its previous Opinions, the joint stipulation of facts stipulated to by the parties, and the August 21, 2000, site visit. The Court did not consider additional affidavits and materials submitted by the parties.

facility. *See Matthews,* 807 F.Supp. at 1292 (finding that a papermaking machine added value to property owned by a third party defendant in the paper manufacturing business).

## 2. Nature of the Improvement

This Court has found that "[t]he [O]ven was a large 'continuous feed' oven designed to produce approximately 15,000 pounds of bread per hour." *See Roskam,* 71 F.Supp.2d at 739. Bread was fed into the Oven from a conveyor and exited the Oven onto another conveyor. *See id.* Without the Oven this system would do nothing more than move unbaked bread through the Butterworth facility. The Oven, therefore, is an integral component in Roskam's baking system. *See Pendzsu,* 219 Mich.App. at 412, 557 N.W.2d at 132 (holding that relining of coke ovens was integral to the usefulness of the plants at issue).

## 3. Relationship to Land and Its Occupants

As noted above, the Oven is essential to Roskam's baking operations at the Butterworth facility. Without the Oven, Roskam would not be able to bake bread. Installation of the Oven required removal of trusses from the ceiling of the Butterworth facility because the Oven stands eighteen inches taller than the model it replaced. *See Roskam,* 71 F.Supp.2d at 739–40. The draft hood used in conjunction with the Oven was attached to the roof of the Butterworth facility. *See id.* at 740. The Oven, therefore, is connected to the Butterworth facility and is essential to the operation of the facility.

## 4. Permanence

Permanence requires that an improvement "function for a long, indefinite period without regard to unforeseeable conditions." *See Matthews,* 807 F.Supp. at 1293 (citing Random House Dictionary of the English Language, (2d ed.1987)). Permanent does not equal "eternal." *Id.*

Although the Oven is not permanent to the same degree as the papermaking machine in *Matthews,* which occupied two stories, was approximately 350 feet long, was permanently attached to a concrete floor, and had not been moved for more than twenty-five years, the Oven does have sufficient indicia of permanence. *See id.* at 1292–93; *see also Pendzsu,* 219 Mich. App. at 412, 557 N.W.2d at 132 (finding that relining of coke ovens and blasts furnaces was an improvement to real property because the relining was integral to the plants' usefulness even though the relining would inevitably wear out and the ovens and furnaces would require relining). The Oven was built and installed to replace an older oven used at the Butterworth facility. Each Lanham-built oven is custom designed to fit the space available to install the oven and is shipped in modular panels because the assembled ovens are too large to transport. (J. Stip., at ¶¶ 24–25.) Installation of the Oven required four or five people per shift working continuously twenty-four hours a day, seven days a week for between two and two and one-half months. (*See Id.,* at ¶ 27.)

Based on the Court's inspection of a similar Roskam oven during the site visit, the Oven was essentially a building within a building. The Oven was installed on a pre-existing pad, and the Oven operated with an already existing conveyor for transporting bread in relation to the Oven. *See Roskam,* 71 F.Supp.2d at 740. The completed oven was approximately 48 feet long, 14 feet wide, and 12 feet high, and weighed more than 21 tons. (*See id.* at ¶ 36.) It has four walls and a roof. If it were not an oven, it would look like a very large steel building with a least one door for human entry and openings for the bread to enter and exit. All electrical wiring and steam piping leading to the Oven was required to comply with applicable building codes. (*See id.* at ¶ 32.)

In this Court's judgment, the Oven was an improvement to real property. Section

600.5839(1), therefore, applies to Dominguez's claims.

This Court notes that, although issue preclusion does not apply because of the different parties, this Court has reached the same conclusion regarding the same oven as was reached by the state court, Judge Soet. Because the issue is one of State law, a reversal of Judge Soet's opinion would affect this Court's judgment because whether § 600.5839(1) is a statute of repose, the Oven was an improvement to real property, and whether APV was a contractor entitled to the protection of the statute are not dependent upon or influenced by the specific plaintiff. However, the parties requested this Court to issue its ruling prior to the determination of the Michigan Court of Appeals, and this is wise so that this case proceeds as efficiently and expeditiously as possible.

In any event, for the reasons stated above, APV's motion for reconsideration will be granted, and this case will be dismissed in its entirety.

An Order consistent with this Memorandum Opinion will be entered.