ETHEL M. PAULSON, Plaintiff-Appellee, v. THE COUNTY OF DE KALB, Defendant-Appellant.

Second District    No. 2—93—1400

Opinion filed December 8, 1994.

Michael P. Coghlan, State's Attorney, of Sycamore (Mary K. Manning, Assistant State's Attorney, of counsel), for appellant.

William E. Hourigan, of Kanoski & Associates, P.C., of Rushville, and Richard L. Lucas, of Richard L. Lucas & Associates, Ltd., of Addison, for appellee.

JUSTICE DOYLE delivered the opinion of the court:

Defendant, the County of De Kalb, operates the De Kalb County Nursing Home (nursing home). After a trial, a jury awarded plaintiff, Ethel M. Paulson, $20,000 as compensation for injuries she sustained while she was a resident of the nursing home. Pursuant to section 3—602 of the Nursing Home Care Act (210 ILCS 45/3—602 (West 1992)), the trial court trebled the damage award and entered a judgment in plaintiff's favor in the amount of $60,000. Defendant appeals, contending that (1) the damages awarded pursuant to section 3—602 are punitive damages and (2) because section 2—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) shields local public entities from liability for punitive damages (745 ILCS 10/2—102 (West 1992)), the trial court erred by trebling the jury's award of compensatory damages.

■ The Nursing Home Care Act, among other things, gives nursing home residents a cause of action against nursing home owners and operators for violations of the statute. (*Harris v. Manor Healthcare Corp.* (1986), 111 Ill. 2d 350, 358.) Section 3—602 provides that the operator of the facility "shall pay 3 times the actual damages, or $500, whichever is greater, \*\*\* to a facility resident whose rights, as specified in Part 1 of Article II of this Act, are violated." (210 ILCS 45/3—602 (West 1992).) The Nursing Home Care Act's provisions apply to county-operated nursing homes such as defendant's. 210 ILCS 45/1—113 (West 1992).

■ Section 2—102 of the Tort Immunity Act states that, "[n]otwithstanding any other provision of law, a local public entity is not liable to pay punitive or exemplary damages in any action brought \*\*\* against it by the injured party." (745 ILCS 10/2—102 (West 1992).) Counties are "local public entities" and therefore fall within the ambit of section 2—102. 745 ILCS 10/1—206 (West 1992).

■ Punitive damages are not awarded as compensation but instead serve to punish the offender and to deter that party and others from committing similar acts of wrongdoing. (*Loitz v. Remington Arms Co.* (1990), 138 Ill. 2d 404, 414.) In *Harris,* our supreme court characterized the treble damages awarded pursuant to section 3—602 of the Nursing Home Care Act as punitive. In *Harris,* count I of the plaintiff's complaint sought treble damages pursuant to section 3—602. Count II alleged wilful and wanton misconduct on the part of the defendant nursing home and sought common-law compensatory and punitive damages.

The court concluded that, under the circumstances presented, the recovery of both statutory treble damages and common-law punitive damages would constitute a double recovery for a single injury. (*Harris,* 111 Ill. 2d at 361.) In reaching this conclusion, the court reasoned:

> "Although we believe that section 3—602 was enacted primarily to encourage private enforcement of the Act and to compensate residents for violations of their rights, we agree that the section also must be construed as being punitive. The obvious purpose of allowing plaintiffs to recover three times their actual damages, apart from encouraging utilization of the remedy, is to punish violators and to discourage future violations. The conclusion that section 3—602 has a punitive purpose is further supported by the fact that it establishes a minimum recovery of $500, much like a fine or a civil penalty." (*Harris,* 111 Ill. 2d at 361.)

The defendant nursing home argued that allowing a double recovery for a single injury violated its due process rights. The court avoided

this constitutional dilemma by holding that a plaintiff may recover either treble damages under the Nursing Home Care Act or common-law punitive damages, but not both. *Harris*, 111 Ill. 2d at 365.

Although the *Harris* court recognized that section 3—602 was intended in part to encourage the private enforcement of the Nursing Home Care Act, it essentially equated section 3—602's treble damages with common-law punitive damages. We derive further support for characterizing treble damages as punitive damages from *People ex rel. Fahner v. Climatemp, Inc.* (1981), 101 Ill. App. 3d 1077. There, the court held that, because the treble damages available under section 7(2) of the Illinois Antitrust Act (Ill. Rev. Stat. 1979, ch. 38, par. 60—7(2) (now 740 ILCS 10/7(2) (West 1992))) are punitive, the State may not maintain both an action for treble damages under section 7(2) and an action for civil penalties under section 7(4) (Ill. Rev. Stat. 1979, ch. 38, par. 60—7(4) (now 740 ILCS 10/7(4) (West 1992))). *Fahner*, 101 Ill. App. 3d at 1082.

The court reasoned that, because " 'actual damages' are intended to make the plaintiff whole, any multiplication of the amount of actual damages serves to increase the award beyond the merely compensatory. *** 'The remedy provided is not solely civil; two thirds of the recovery is not remedial and inevitably presupposes a punitive purpose.' " (*Fahner*, 101 Ill. App. 3d at 1080, quoting *Lyons v. Westinghouse Electric Corp.* (2d Cir. 1955), 222 F.2d 184, 189.) We note that the *Fahner* court equated treble damages with civil penalties while at the same time recognizing that the treble damages provision was intended primarily to encourage private enforcement of the antitrust statute. See *Fahner*, 101 Ill. App. 3d at 1082.

Plaintiff argues that treble damages bear no similarity to punitive damages, which, unlike treble damages, can be much higher, are generally jury questions, and are based in part upon the net worth of the defendant. However, there is no ignoring that two-thirds of the recovery that section 3—602 authorizes cannot be characterized as merely compensatory. Also, multiplying the amount of compensatory damages and providing for a minimum recovery of $500 inevitably serves to create both a specific and general deterrent against committing similar violations of the Nursing Home Care Act. Although treble damages are not identical in all respects to traditional common-law punitive damages, their overall character is punitive. Considering the reasoning of *Harris* and *Fahner* and the general principles that distinguish punitive damages from compensatory damages, we conclude that $40,000 of the $60,000 judgment constitutes a punitive damage award.

Plaintiff argues that the legislature nevertheless intended that

treble damages may be assessed against county-operated nursing homes. Plaintiff notes that section 1—113 of the Nursing Home Care Act specifically includes county-operated nursing homes within the scope of the Act's regulatory provisions. (210 ILCS 45/1—113 (West 1992).) Section 1—113 also specifically exempts homes operated by the State or the Federal government from the Act's regulatory provisions. (210 ILCS 45/1—113(1) (West 1992).) Plaintiff claims that, if the legislature intended county-operated nursing homes likewise to be exempt from the treble damages provision of section 3—602, it would have specifically provided for such an exemption.

Plaintiff also cites the rule of statutory construction that, when two statutes that relate to the same subject cannot be construed harmoniously, specific provisions should control over general provisions, and more recent enactments should take precedence over earlier enactments. (See *Williams v. Illinois State Scholarship Comm'n* (1990), 139 Ill. 2d 24, 57-58.) Relying upon this rule, plaintiff argues that, because the Nursing Home Care Act was enacted more recently than the Tort Immunity Act and because the Nursing Home Care Act specifically mentions county-operated nursing homes, section 3—602 of the Nursing Home Care Act should take precedence over section 1—102 of the Tort Immunity Act.

■ The cardinal rule of statutory construction is to give effect to the intent of the legislature. In determining the legislative intent, a court must first consider the statutory language itself, and, where the language is clear, that language should be given effect without resort to other aids for construction. *Tim Thompson, Inc. v. Village of Hinsdale* (1993), 247 Ill. App. 3d 863, 882.

Plaintiff's arguments ignore the phrase "notwithstanding any other provision of law" that appears in section 2—202 of the Tort Immunity Act. This prefatory phrase "was intended *** to clarify the relationship between the Tort Immunity Act, which prohibits the assessment of punitive damages against a local public entity, and all other statutes or common law actions which may allow the assessment of punitive damages in certain circumstances." *Holda v. County of Kane* (1980), 88 Ill. App. 3d 522, 528 (opinion of Lindberg, J.).

■ When read in a vacuum, section 3—602 authorizes the assessment of treble damages against county-operated nursing homes. However, it is clear that the legislature intended section 2—102 of the Tort Immunity Act to impact upon provisions of law such as section 3—602 which otherwise would allow punitive damages to be assessed against a local public entity. There is nothing in the Nursing Home Care Act indicating that the legislature intended that section 3—602 of the Nursing Home Care Act should remain unaffected by

the Tort Immunity Act. To adopt plaintiff's interpretation of the provisions at issue would render meaningless the phrase "notwithstanding any other provision of law." This is a result that we must avoid. *Reda v. Otero* (1993), 251 Ill. App. 3d 666, 669.

We conclude that the two provisions at issue here can be construed harmoniously. Although section 1—113 of the Nursing Home Care Act reveals that the legislature intended that the general regulatory provisions of that act apply to county-operated nursing homes, the unambiguous language of section 2—102 of the Tort Immunity Act nevertheless reveals that the legislature also intended that county-operated nursing homes not be subject to liability for treble damages.

To hold otherwise would contravene the well-established policy behind section 2—102. Inherent in this provision is a public policy against imposing punitive damages liability on local taxpayers. (*Boyles v. Greater Peoria Mass Transit District* (1986), 113 Ill. 2d 545, 554.) Although requiring local public entities to compensate people such as plaintiff for the injuries they have sustained serves a salutary purpose, it is unsound public policy to punish local taxpayers for the misconduct of employees over whom the taxpayers have no control. (*Smith v. Northeast Illinois Regional Commuter R.R. Corp.* (1991), 210 Ill. App. 3d 223, 227.) In the present cause, any damage award greater than that required to compensate plaintiff would serve primarily to punish local taxpayers.

For the foregoing reasons, we hold that the trial court's act of trebling the jury's damage award was tantamount to assessing punitive damages against defendant. Because section 2—102 of the Tort Immunity Act prohibits the assessment of punitive damages against a local public entity such as defendant, the trial court erred in assessing treble damages pursuant to section 3—602 of the Nursing Home Care Act. Plaintiff was entitled to an award of only $20,000. Pursuant to Supreme Court Rule 366(a)(5) (134 Ill. 2d R. 366(a)(5)), we may modify the trial court's order to reflect the proper amount of damages. *Nemeth v. Banhalmi* (1984), 125 Ill. App. 3d 938, 972.

Accordingly, we affirm the judgment in plaintiff's favor and modify the trial court's order to provide for a damage award of $20,000.

Affirmed as modified.

GEIGER and BOWMAN, JJ., concur.