905 N.E.2d 343 (2009)
Jane DOE, Plaintiff-Appellant,
v.
HINSDALE TOWNSHIP HIGH SCHOOL DISTRICT 86, Roger Miller, Individually and in his Official Capacity, James Ferguson, Individually and in his Official Capacity, and Robert J. Mueller, Jr., Individually, Defendants-Appellees.
No. 2-08-0199.
Appellate Court of Illinois, Second District.
March 19, 2009.
*344 Terry A. Ekl, Patrick L. Provenzale, Ekl Williams PLLC, Lisle, for Jan Doe.
Justin D. Petrarca, John J. Murphy, James A. Petrungaro, Scariano, Himes & Petrarca, Chtd., Chicago, for Hinsdale Township High School District 86.
James H. Knippen, Walsh, Knippen, Knight & Pollock, Chtd., Wheaton for Roger Miller.
James L. DeAno, DeAno & Scarry, LLC, Wheaton, for James Ferguson.
Gary S. Mueller, Gary S. Mueller & Associates, Ltd., Joliet, for Robert J. Mueller Jr.
Justice SCHOSTOK delivered the opinion of the court:
The plaintiff, Jane Doe, brought an action to recover damages for personal injuries allegedly based upon childhood sexual abuse proximately caused by the defendants, Hinsdale Township High School District 86 (District 86), Roger Miller, James Ferguson, and Robert J. Mueller, Jr. The circuit court of Du Page County dismissed those portions of the plaintiff's complaint that were directed against the first three of these defendants as barred by the statute of limitations. On appeal, the plaintiff argues that her action was timely filed under section 13-202.2(b) of the Code of Civil Procedure (the Code) (735 ILCS 5/13-202.2(b) (West 2006)). We reverse and remand.
On April 3, 2007, the plaintiff filed a five-count complaint against the defendants. The plaintiff alleged that, between 2002 and 2004, she was a high school student *345 (younger than 18) and served as a manager for District 86's boys' basketball team. Defendant Mueller was the boys' basketball coach. During that time frame, Mueller engaged in a sexual relationship with her. On December 18, 2006, Mueller was convicted of committing criminal sexual assault (720 ILCS 5/12-16(d), (f) (West 2002)) against her.
The plaintiff further alleged that Mueller engaged in a similarly illicit relationship with another student under the age of 18 between approximately 1999 and 2001. District 86's superintendent, defendant Miller, and principal, defendant Ferguson, received notice from an anonymous person of this illicit relationship in June 2000. Miller and Ferguson did not contact the Illinois Department of Children and Family Services or local law enforcement. Rather, the plaintiff alleged that Miller and Ferguson conducted a sham "in house" investigation in which they did not even personally interview the other student. The plaintiff alleged that the investigation was manifestly unreasonable and evidenced an intent to cover up the allegation. Based on Miller's, Ferguson's, and District 86's failure to report the allegation or to conduct a reasonable investigation, the plaintiff alleged that they had breached their duty of reasonable care to her. The plaintiff further alleged that Miller's, Ferguson's, and District 86's conduct was willful and wanton, their actions rose to the level of civil conspiracy, and their actions violated her rights to due process. The plaintiff also alleged that Mueller committed a battery against her. Based on the defendants' actions, the plaintiff asserted that she had suffered injuries of a personal, emotional, and pecuniary nature and she therefore requested damages in excess of $50,000.
On August 28, 2007, defendants District 86, Miller, and Ferguson (hereinafter referred to as the defendants) filed a joint motion pursuant to section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2006)) to dismiss counts I, II, III, and V of the plaintiff's complaint. (Count IV of the plaintiff's complaint was directed only against Mueller. He has not filed any responsive pleadings or motions in this case.) The defendants argued that the plaintiff's action was barred by the applicable statute of limitations because she did not file her action within one year after her action accrued. On December 6, 2007, the trial court granted the defendants' motions to dismiss, ruling that the plaintiff's action was time barred pursuant to section 8-101 of the Local Governmental and Governmental Employees Tort Immunity Act (the Tort Immunity Act) (745 ILCS 10/8-101 (West 2006)). The plaintiff filed a motion to reconsider, arguing that the applicable statute of limitations was section 13-202.2 of the Code (735 ILCS 5/13-202.2 (West 2006)) and that her action was not barred by that statute, because she had filed her complaint within five years after her action accrued. On February 28, 2008, the trial court denied the plaintiff's motion to reconsider. The trial court explained that section 13-202.2 of the Code applied only to actions for damages for personal injury based on childhood sexual abuse, unlike the plaintiff's action, which was based on claims for negligence and willful and wanton conduct in failing to report. In so ruling, the trial court found pursuant to Supreme Court Rule 304(a) (210 Ill.2d R. 304(a)) that there was no just reason to delay enforcement or appeal of its order. The plaintiff thereafter filed a timely notice of appeal.
The first issue we must address is whether section 13-202.2 of the Code applies to the plaintiff's action. Section 13-202.2 provides:
"(a) In this Section:

*346 `Childhood sexual abuse' means an act of sexual abuse that occurs when the person abused is under 18 years of age.
`Sexual abuse' includes but is not limited to sexual conduct and sexual penetration as defined in Section 12-12 of the Criminal Code of 1961 [(720 ILCS 5/12-12 (West 2006))].
(b) Notwithstanding any other provision of law, an action for damages for personal injury based on childhood sexual abuse must be commenced within 10 years of the date the limitation period begins to run under subsection (d) or within 5 years of the date the person abused discovers or through the use of reasonable diligence should discover both (i) that the act of childhood sexual abuse occurred and (ii) that the injury was caused by the childhood sexual abuse. The fact that the person abused discovers or through the use of reasonable diligence should discover that the act of childhood sexual abuse occurred is not, by itself, sufficient to start the discovery period under this subsection (b). Knowledge of the abuse does not constitute discovery of the injury or the causal relationship between any later-discovered injury and the abuse." 735 ILCS 5/13-202.2 (West 2006).
If section 13-202.2 of the Code does not apply, then section 8-101 of the Tort Immunity Act would, which would bar the plaintiff's action. Section 8-101 of the Tort Immunity Act provides:
"(a) No civil action * * * may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued.
* * *
(c) For purposes of this Article, the term `civil action' includes any action, whether based upon the common law or statutes or Constitution of this State." 745 ILCS 10/8-101 (West 2006).
Relying on Hobert v. Covenant Children's Home, 309 Ill.App.3d 640, 243 Ill.Dec. 352, 723 N.E.2d 384 (2000), the plaintiff argues that the trial court erred in determining that, because the defendants themselves did not sexually abuse her, section 13-202.2 did not apply to her action.
In Hobert, the plaintiff brought a suit against a social worker and his employer, Covenant Children's Home (Covenant), for injuries sustained as a result of alleged sexual abuse by the social worker. The trial court dismissed the counts against Covenant, finding that section 13-202.2 of the Code did not apply to nonabusers. The reviewing court reversed the trial court's decision, determining that there was no reason for limiting the scope of section 13-202.2 of the Code to the abuser. Hobert, 309 Ill.App.3d at 643, 243 Ill.Dec. 352, 723 N.E.2d 384. The reviewing court explained that its conclusion was based on the plain language of section 13-202.2 of the Code and further stated:
"Nowhere does the statute limit its application to injuries that are the result of childhood sexual abuse by the abuser. We fail to see how the phrase `based on' could be read to mean anything other than any action brought for injuries suffered as a result of childhood sexual abuse, whether it be at the hands of the abuser or by reason of a party's nonaction when such party had a duty to protect the child being abused. Accordingly, we hold that section 13-202.2 may apply to a nonabuser to toll the statute of limitations when the nonabuser had a duty to protect the child-victim * * *." Hobert, 309 Ill.App.3d at 644, 243 Ill. Dec. 352, 723 N.E.2d 384.
Based on the plain language of section 13-202.2 of the Code, as explained in Hobert, that statute applies to both child *347 abusers and those who had a duty to protect a child from abuse. 735 ILCS 5/13-202.2 (West 2006); Hobert, 309 Ill.App.3d at 644, 243 Ill.Dec. 352, 723 N.E.2d 384. As the plaintiff alleged in her complaint that the defendants breached their duty to protect her from abuse, section 13-202.2 of the Code applied to the defendants.
In arguing that section 13-202.2 of the Code does not apply to nonabusers, the defendants rely on Doe v. Board of Education of Hononegah Community High School District #207, 833 F.Supp. 1366, 1375 (N.D.Ill.1993). The defendants also contend that Hobert is distinguishable. In Hononegah, a student who was allegedly sexually abused by a teacher filed a civil rights action against members of the school board, the school district, school administrators, and school counselors. The district court found that section 13-202 of the Code (735 ILCS 5/13-202 (West 1992)) was the applicable statute of limitations and that the plaintiff had to bring her cause of action within two years after the alleged abuse occurred. Hononegah, 833 F.Supp. at 1375. In a footnote, the district court noted that neither party had suggested that section 13-202.2 was applicable. Hononegah, 833 F.Supp. at 1375 n. 4. The district court, in dictum, then stated that section 13-202.2 was not applicable. Hononegah, 833 F.Supp. at 1375 n. 4.
We believe that Hobert provides a well-reasoned explanation why section 13-202.2 of the Code is applicable to nonabusers. The Hononegah court's isolated comment to the contrary does not persuade us to reach a different result. Furthermore, despite the defendants' protests, Hobert is not distinguishable from the case at bar. The defendants insist that Hobert is not applicable because, in that case, the plaintiff sought to hold the abuser's employer vicariously liable. As none of the plaintiff's claims in the instant case are premised on vicarious liability, the defendants contend that section 13-202.2 is not applicable. We disagree. Section 13-202.2 sets forth that it applies to actions that are "based upon" sexual abuse. Here, the plaintiff's action is clearly "based upon" sexual abuse that occurred against her. For the reasons explained in Hobert, section 13-202.2 applies to the plaintiff's action.
Having determined that section 13-202.2 applies to the plaintiff's case, we must now address whether that statute takes precedence over section 8-101 of the Tort Immunity Act, which also could apply to the plaintiff's case. We note that the defendants argue that the plaintiff has forfeited this issue because she does not acknowledge that either statute could apply; rather, she argues only that section 13-202.2 of the Code clearly applies. We find that the plaintiff has not forfeited this issue. In reviewing the plaintiff's argument in its entirety, we note that she does set forth why she believes that section 13-202.2 of the Code controls over section 8-101 of the Tort Immunity Act. This argument therefore is properly before us.
In resolving which statute applies, we note that the cardinal rule of statutory construction is to ascertain and give effect to the legislature's intent. Paszkowski v. Metropolitan Water Reclamation District of Greater Chicago, 213 Ill.2d 1, 6, 289 Ill.Dec. 625, 820 N.E.2d 401 (2004). Our analysis begins within the statutory language, which remains the best indication of that intent. Metzger v. DaRosa, 209 Ill.2d 30, 34-35, 282 Ill.Dec. 148, 805 N.E.2d 1165 (2004). The language must be afforded its plain, ordinary, and popularly understood meaning. People ex rel. Sherman v. Cryns, 203 Ill.2d 264, 279, 271 Ill.Dec. 881, 786 N.E.2d 139 (2003). When the language is unambiguous, the statute must be applied as written without *348 resort to other aids of construction. Lawrence v. Regent Realty Group, Inc., 197 Ill.2d 1, 10, 257 Ill.Dec. 676, 754 N.E.2d 334 (2001).
Relying on Paulson v. County of De Kalb, 268 Ill.App.3d 78, 82, 205 Ill.Dec. 821, 644 N.E.2d 37 (1994), and Waliczek v. Retirement Board of the Fireman's Annuity & Benefit Fund, 318 Ill.App.3d 32, 36, 251 Ill.Dec. 678, 741 N.E.2d 272 (2000), the plaintiff argues that, because section 13-202.2 includes the phrase "[n]otwithstanding any other provision of law," the legislature's intent is that section 13-202.2 control over all other statutes. In Paulson, the plaintiff sued a county-run nursing home and sought to treble the damages pursuant to section 3-602 of the Nursing Home Care Act (210 ILCS 45/3-602 (West 1994)). The county claimed that section 3-602 was a punitive-damages provision and was therefore inapplicable, because section 2-102 of the Tort Immunity Act (745 ILCS 10/2-102 (West 1994)) prohibited the assessment of punitive damages against a governmental entity. At that time, section 2-102 provided:
"Notwithstanding any other provision of law, a local public entity is not liable to pay punitive or exemplary damages in an action brought directly or indirectly against it by the injured party." 745 ILCS 10/2-102 (West 1994).
This court held that section 2-102 applied to exclude the treble-damages award, explaining that the phrase "[n]otwithstanding any other provision of law" expressed the legislature's intent "`to clarify the relationship between the Tort Immunity Act * * * and all other statutes or common law actions'" that would permit a contrary result. Paulson, 268 Ill.App.3d at 82, 205 Ill.Dec. 821, 644 N.E.2d 37, quoting Holda v. County of Kane, 88 Ill.App.3d 522, 528, 43 Ill.Dec. 552, 410 N.E.2d 552 (1980). This court further explained:
"When read in a vacuum, section 3-602 authorizes the assessment of treble damages against county-operated nursing homes. However, it is clear that the legislature intended section 2-102 of the Tort Immunity Act to impact upon provisions of law such as 3-602 which otherwise would allow punitive damages to be assessed against a local public entity." Paulson, 268 Ill.App.3d at 82, 205 Ill. Dec. 821, 644 N.E.2d 37.
In Waliczek, at issue were two conflicting provisions of the Illinois Pension Code. One provision (40 ILCS 5/6-142(f) (West 1998)) provided that the plaintiff's wife would not be entitled to his pension if he predeceased her, while another provision (40 ILCS 5/6-141.1(c) (West 1998)) indicated that she would be. Waliczek, 318 Ill. App.3d at 34, 251 Ill.Dec. 678, 741 N.E.2d 272. The reviewing court determined that the second provision controlled because that section began with the language "[n]otwithstanding the other provisions of this Article." Waliczek, 318 Ill.App.3d at 36, 251 Ill.Dec. 678, 741 N.E.2d 272. The reviewing court explained that "notwithstanding" meant "in spite of" and that therefore the second provision was an exception to all other sections in the article and controlled over any other section with which it conflicted. Waliczek, 318 Ill. App.3d at 36, 251 Ill.Dec. 678, 741 N.E.2d 272.
In this case, section 13-202.2(b) of the Code (735 ILCS 5/13-202.2(b) (West 2006)) begins with the language "[n]otwithstanding any other provision of law." In using this language, the legislature clearly intended section 13-202.2 of the Code to control over other provisions of law, such as section 8-101 of the Tort Immunity Act, which would otherwise bar the plaintiff's action. See Waliczek, 318 Ill.App.3d at 36, 251 Ill.Dec. 678, 741 N.E.2d 272; Paulson, 268 Ill.App.3d at 82-83, 205 Ill.Dec. 821, *349 644 N.E.2d 37. To hold otherwise would render meaningless the phrase "[n]otwithstanding any other provision of law." This is a result that we must avoid. Paulson, 268 Ill.App.3d at 83, 205 Ill.Dec. 821, 644 N.E.2d 37. Accordingly, based on the legislature's use of the unambiguous language "[n]otwithstanding any other provision of law," we apply section 13-202.2 as written without resorting to other aids of construction. See Lawrence, 197 Ill.2d at 10, 257 Ill.Dec. 676, 754 N.E.2d 334; Waliczek, 318 Ill.App.3d at 36-37, 251 Ill.Dec. 678, 741 N.E.2d 272. We therefore determine that the trial court erred in finding that the plaintiff's action was barred by section 8-101 of the Tort Immunity Act.
In so ruling, we reject the defendants' reliance on Paszkowski, Ferguson v. McKenzie, 202 Ill.2d 304, 269 Ill.Dec. 188, 780 N.E.2d 660 (2001), and Tosado v. Miller, 188 Ill.2d 186, 242 Ill.Dec. 120, 720 N.E.2d 1075 (1999). In each of those cases, the Illinois Supreme Court determined that the applicable Tort Immunity Act limitations provision trumped the competing Code of Civil Procedure limitations period. See Moore v. Green, 219 Ill.2d 470, 485, 302 Ill.Dec. 451, 848 N.E.2d 1015 (2006). However, none of those cases involved an interpretation of section 13-202.2 and its language that it controlled over every other provision of law. See Paszkowski, 213 Ill.2d at 3-4, 289 Ill.Dec. 625, 820 N.E.2d 401 (comparing section 13-214(a) of the Code (735 ILCS 5/13-214(a) (West 1998)) with section 8-101 of the Tort Immunity Act (745 ILCS 10/8-101 (West 1998))); Ferguson, 202 Ill.2d at 305-06, 269 Ill.Dec. 188, 780 N.E.2d 660 (comparing section 13-212(a) of the Code (735 ILCS 5/13-212(a) (West 1998)) with section 8-101 of the Tort Immunity Act (745 ILCS 10/8-101 (West 1996))); Tosado, 188 Ill.2d at 189, 242 Ill.Dec. 120, 720 N.E.2d 1075 (same).
Finally, we note that the defendants encourage this court to affirm the trial court's judgment on any basis appearing in the record. However, the defendants present no argument as to other grounds on which this court may affirm. We decline to search the record for some reason to affirm the trial court's judgment. See Willaby v. Bendersky, 383 Ill.App.3d 853, 861, 322 Ill.Dec. 494, 891 N.E.2d 509 (2008) (appellate court is not a depository in which a party may dump the burden of argument and research and therefore arguments not supported by relevant authority are forfeited).
For the foregoing reasons, the judgment of the circuit court of Du Page County is reversed, and the cause is remanded for further proceedings consistent with this opinion.
Reversed and remanded.
McLAREN and HUTCHINSON, JJ., concur.