NOTICE
This Order was filed under
Supreme Court Rule 23 and
is not precedent except in the
limited circumstances
allowed under Rule 23(e)(1).

2021 IL App (4th) 190902-U

NO. 4-19-0902

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 6, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| MICHELLE STOLLEIS FORBES, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| THE BOARD OF EDUCATION OF THE NEW | ) | No. 18L168 |
| BERLIN COMMUNITY UNIT SCHOOL DISTRICT | ) | |
| NO. 16, and CARROLL OWEN SMITH, in His Official | ) | |
| and Individual Capacities, | ) | |
| Defendants | ) | Honorable |
| (The Board of Education of the New Berlin Community | ) | Gail L. Noll, |
| Unit School District No. 16, Defendant-Appellant). | ) | Judge Presiding. |

PRESIDING JUSTICE KNECHT delivered the judgment of the court.
Justices DeArmond and Holder White concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court held the limitations period in section 13-202.2 of the Code of Civil Procedure governed over the limitations period in section 8-101 of the Local Government and Governmental Employee Tort Immunity Act, answering the certified question in the negative.

¶ 2   In April 2019, plaintiff, Michelle Stolleis Forbes, filed a seven-count first amended complaint seeking damages based upon alleged childhood sexual abuse directly and proximately caused by defendants, the Board of Education of the New Berlin Community Unit School District No. 16 (Board) and Carroll Owen Smith.

¶ 3 In May 2019, the Board filed a motion to dismiss the complaint pursuant to section 2-619 of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2-619 (West 2018)), which the trial court ultimately denied.

¶ 4 In October 2019, the Board filed a motion to reconsider or, in the alternative, for question certification pursuant to Illinois Supreme Court Rule 308 (eff. Oct. 1, 2019). The trial court declined to reconsider its ruling. However, the court agreed to certify the following question for interlocutory appellate consideration:

> "Does the 1-year statute of limitations period in the Local Government and
> Governmental Employee Tort Immunity Act, 745 ILCS 10/8-101, control over the
> limitations period set out in the current version of the Childhood Sexual Abuse
> Act, 735 ILCS 5/13[-]202.2 (effective January 1, 2014), which by its express
> terms applies '[n]otwithstanding any other provision of law'?"

¶ 5 In February 2020, this court granted leave to appeal. We answer the certified question in the negative.

¶ 6                                    I. BACKGROUND

¶ 7 In April 2019, plaintiff filed a seven-count first amended complaint seeking damages based upon alleged childhood sexual abuse directly and proximately caused by defendants. The complaint alleged counts of willful and wrongful conduct, negligence, negligent failure to follow established policies and procedures, breach of fiduciary duty, and intentional infliction of emotional distress (IIED) (counts I-V) against the Board. Plaintiff's complaint also alleged counts of assault and battery and IIED (counts VI and VII) against Smith.

¶ 8 Between 1985 and 1989, plaintiff alleged Smith recruited her "to come *** and help him with paperwork while the two of them were alone in his office," as his secretary.

During that time frame, plaintiff alleged Smith engaged in acts of sexual grooming and sexual abuse against her. Plaintiff was a high school student and under 18 years old at the time. As a result of defendants' actions, plaintiff asserted she suffered personal, pecuniary, and emotional injuries and sought damages in excess of $50,000. Plaintiff further alleged she did not discover the causal connection of her injuries until 2015, when she was 44 years old.

¶ 9            In May 2019, the Board filed a motion to dismiss and a supporting memorandum of law pursuant to section 2-619 of the Civil Code (735 ILCS 5/2-619 (West 2018)). The Board argued plaintiff's amended complaint should be dismissed pursuant to section 8-101 of the Local Government and Governmental Employee Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/8-101 (West 2014)), as plaintiff's action was time barred by the one-year limitations period applicable to public entities, which included school boards.

¶ 10           In June 2019, plaintiff filed a response to the Board's motion to dismiss, arguing her action was not time barred because the applicable statute of limitations was set forth in section 13-202.2 of the Civil Code (735 ILCS 5/13-202.2(b) (West 2014)), and she filed her complaint within 20 years after her action accrued.

¶ 11           In September 2019, the trial court denied the Board's motion to dismiss. In doing so, the court determined, "by including the phrase 'notwithstanding any other provision of law' in the 2003 and subsequent versions of section 13-202.2, the legislature intended to exercise its power to create an express exception to section 8-101's one year statute of limitations ***." The court found "the statute of limitations set out in the current version of section 13-202.2 controls over the one year limitations period found in section 8-101 of the *** Tort Immunity Act."

¶ 12    In October 2019, the Board filed a motion to reconsider or, in the alternative, for question certification pursuant to Illinois Supreme Court Rule 308 (eff. Oct. 1, 2019). The trial court declined to reconsider its ruling but certified the question now before this court.

¶ 13    This interlocutory appeal followed.

¶ 14                                II. ANALYSIS

¶ 15    Illinois Supreme Court Rule 308 provides a way for litigants to appeal a nonfinal order if the order "involves a question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Ill. S. Ct. R. 308(a) (eff. Oct. 1, 2019). Here, the trial court certified the following legal question:

> "Does the 1-year statute of limitations period in the Local
> Government and Governmental Employee Tort Immunity Act, 745
> ILCS 10/8-101, control over the limitations period set out in the
> current version of the Childhood Sexual Abuse Act, 735 ILCS
> 5/13[-]202.2 (effective January 1, 2014), which by its express
> terms applies '[n]otwithstanding any other provision of law'?"

"Generally, we are limited to answering the certified question and will not go beyond the question to address the appropriateness of the underlying order." *Doe v. Boy Scouts of America*, 2016 IL App (1st) 152406, ¶ 67, 66 N.E.3d 433. This court considers *de novo* questions of law certified pursuant to Rule 308. *Simmons v. Homatas*, 236 Ill. 2d 459, 466, 925 N.E.2d 1089, 1094 (2010).

¶ 16    "When interpreting a statute, our primary objective is to give effect to the legislature's intent." *Merritt v. Department of State Police*, 2016 IL App (4th) 150661, ¶ 20, 56

- 4 -

N.E.3d 593. "The most reliable indicator of legislative intent is the language of the statute, given its plain and ordinary meaning." *Bank of New York Mellon v. Laskowski*, 2018 IL 121995, ¶ 12, 104 N.E.3d 1145. " 'When the language is unambiguous, the statute must be applied as written without resorting to other aids of construction.' " *Howard v. Weitekamp*, 2015 IL App (4th) 150037, ¶ 14, 57 N.E.3d 499 (quoting *Moore v. Green*, 219 Ill. 2d 470, 479, 848 N.E.2d 1015, 1020 (2006)). This court "must construe the statute so that each word, clause, and sentence, if possible, is given a reasonable meaning and not rendered superfluous [citation], avoiding an interpretation which would render any portion of the statute meaningless or void." (Internal quotation marks omitted.) *Cooke v. Illinois State Board of Elections*, 2019 IL App (4th) 180502, ¶ 56, 146 N.E.3d 31. "We can neither restrict nor enlarge the meaning of an unambiguous statute." *Shields v. Judges' Retirement System of Illinois*, 204 Ill. 2d 488, 497, 791 N.E.2d 516, 521 (2003).

¶ 17        Section 13-202.2 of the Civil Code, in relevant part, provides as follows:

"(a) In this Section:

'Childhood sexual abuse' means an act of sexual abuse that occurs when the person abused is under 18 years of age.

'Sexual abuse' includes but is not limited to sexual conduct and sexual penetration as defined in Section 11-0.1 of the Criminal Code of 2012.

(b) Notwithstanding any other provision of law, an action for damages for personal injury based on childhood sexual abuse must be commenced within 20 years of the date the limitation period begins to run *** or within 20 years of the date the person

abused discovers or through the use of reasonable diligence should

discover both (i) that the act of childhood sexual abuse occurred

and (ii) that the injury was caused by the childhood sexual abuse."

735 ILCS 5/13-202.2(a), (b) (West 2014).

Plaintiff's action seeks damages for personal injury based on childhood sexual

abuse, and as a result, the 20-year limitations period in section 13-202.2(b) of the

Civil Code is applicable to this action.

¶ 18    However, because the Board is a local public entity (see 745 ILCS 10/1-206

(West 2014)), the Board argues the provisions in section 8-101 of the Tort Immunity Act apply,

which provide:

"(a) No civil action *** may be commenced in any court

against a local entity or any of its employees for any injury unless

it is commenced within one year from the date that the injury was

received or the cause of action accrued.

***

(c) For purposes of this Article, the term 'civil action'

includes any action, whether based upon the common law or

statutes or Constitution of this State." 745 ILCS 10/8-101(a), (c)

(West 2014).

¶ 19    Plaintiff, relying on *Doe v. Hinsdale Township High School District 86*, 388 Ill.

App. 3d 995, 905 N.E.2d 343 (2009), argues, because section 13-202.2 of the Civil Code

includes the phrase "notwithstanding any other provision of law," the legislature intended for it

to govern over other statutes.

¶ 20    In *Doe*, the plaintiff brought an action for personal injuries based upon alleged childhood sexual abuse proximately caused by the defendant school district and three of its subordinates. *Id.* at 996-97. The defendants filed a combined motion to dismiss, arguing the plaintiff's complaint was time barred by section 8-101 of the Tort Immunity Act because she failed to file her action within one year after it accrued, which the trial court granted. *Id.* at 998. On appeal, the Second District considered whether section 13-202.2 of the Civil Code controlled over section 8-101 of the Tort Immunity Act. *Id.* at 1000. "[B]ased on the legislature's use of the unambiguous language '[n]otwithstanding any other provision of law' " (*id.* at 1002 (quoting 735 ILCS 5/13-202.2(b) (West 2006))), the court in *Doe* rejected the defendants' argument and determined "the legislature clearly intended section 13-202.2 of the [Civil] Code to control over other provisions of law, such as section 8-101 of the Tort Immunity Act," when it included the aforementioned language. *Id.*

¶ 21    In *Paulson v. County of De Kalb*, 268 Ill. App. 3d 78, 79, 644 N.E.2d 37, 38 (1994), the plaintiff sued the County of De Kalb for injuries she sustained while a resident of a county-run nursing home. A jury awarded her $20,000 in compensatory damages, and the trial court, pursuant to section 3-602 of the Nursing Home Care Act (210 ILCS 45/3-602 (West 1992)), trebled the award. *Id.* The county appealed, arguing the section 3-602 damages were punitive and the trial court erred by trebling the award because section 2-102 of the Tort Immunity Act (745 ILCS 10/2-102 (West 1992)) shielded local public entities from liability for punitive damages. *Id.* The court in *Paulson* explained the phrase " '[n]otwithstanding any other provision of law,' " which appeared in section 2-102 of the Tort Immunity Act (*id.* at 83 (quoting 745 ILCS 10/2-102 (West 1992)), "was intended *** to clarify the relationship between the Tort Immunity Act *** and all other statutes or common law actions" which may have allowed a

different outcome. (Internal quotation marks omitted.) *Id.* at 82. The *Paulson* court further explained, "[I]t is clear that the legislature intended section 2-102 of the Tort Immunity Act to impact upon provisions of law *** which otherwise would allow punitive damages to be assessed against a local public entity." *Id.*

¶ 22        In *Waliczek v. Retirement Board of the Fireman's Annuity & Benefit Fund*, 318 Ill. App. 3d 32, 33, 741 N.E.2d 272, 273 (2000), the plaintiffs, a retired firefighter and his wife, sought review of a determination of the defendant retirement board, which found section 6-142(f) of the Illinois Pension Code (Pension Code) (40 ILCS 5/6-142(f) (West 1998)) would prevent the wife from receiving a widow's award pursuant to section 6-141.1(c) of the Pension Code (40 ILCS 5/6-141.1(c) (West 1998)), should her husband predecease her. The court in *Waliczek* determined section 6-141.1 controlled as "[s]ection 6-141.1 begins with '[n]otwithstanding the other provisions of this Article.' " *Id.* at 36. The *Waliczek* court further explained the term " 'notwithstanding' means 'in spite of,' " therefore, section 6-141.1(c) was "an exception to" and "controlled over" other statutory provisions. *Id.*

¶ 23        The Board, relying on *Paszkowski v. Metropolitan Water Reclamation District of Greater Chicago*, 213 Ill. 2d 1, 820 N.E.2d 401 (2004), argues the limitations period found in section 8-101 of the Tort Immunity Act controls as plaintiff failed to file her action within one year after it accrued.

¶ 24        In *Paszkowski*, the supreme court considered whether the limitations period in section 8-101 of the Tort Immunity Act (745 ILCS 10/8-101 (West 1998)) controlled over section 13-214(a) of the Civil Code, which provided a four-year limitations period for " '[a]ctions based upon tort, contract or otherwise against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or

construction of an improvement to real property ***.' " (Emphasis omitted.) *Id.* at 6 (quoting 735 ILCS 5/13-214(a) (West 1998)). The supreme court determined the applicable limitations period in the Tort Immunity Act controlled over section 13-214 of the Civil Code, concluding "the comprehensive protection afforded by section 8-101 necessarily controls over other statutes of limitations or repose." *Id.* at 13. However, we find *Paszkowski* distinguishable as it did not involve an interpretation of a competing statute which included its own preemption language—as found in section 13-202.2 of the Civil Code—and which clearly states its limitations period applies to actions seeking damages for personal injury based on childhood sexual abuse, "[n]otwithstanding any other provision of law." 735 ILCS 5/13-202.2(b) (West 2014); see *Paszkowski*, 213 Ill. 2d at 6 (comparing section 8-101 of the Tort Immunity Act with section 13-214(a) of the Civil Code).

¶ 25        Here, while section 8-101 of the Tort Immunity Act establishes a one-year limitations period for actions filed against local public entities, it is clear the legislature, in section 13-202.2 of the Civil Code, intended to give victims of childhood sexual abuse broad latitude in filing actions for damages, "[n]*otwithstanding any other provision of law*." (Emphasis added.) 735 ILCS 5/13-202.2(b) (West 2014). "In determining the plain meaning of a statutory term, 'it is entirely appropriate to look to the dictionary for a definition.' " *Thomas v. Illinois Department of Healthcare and Family Services*, 2016 IL App (1st) 143933, ¶ 16, 48 N.E.3d 721 (quoting *People v. Perry*, 224 Ill. 2d 312, 330, 864 N.E.2d 196, 208 (2007)). Black's Law Dictionary defines the term "notwithstanding" as "[d]espite; in spite of." Black's Law Dictionary (11th ed. 2019).

¶ 26        The language of section 13-202.2 of the Civil Code is clear: for claims based upon childhood sexual abuse, section 13-202.2 applies, *despite* any other statute of limitations or

- 9 -

repose. See 735 ILCS 5/13-202.2(b) (West 2014); see also *Doe*, 388 Ill. App. 3d at 1002 ("In using this language, the legislature clearly intended section 13-202.2 of the [Civil] Code to control over other provisions of law, such as section 8-101 of the Tort Immunity Act, which would otherwise bar the plaintiff's action."). Accordingly, we apply section 13-202.2 as it is written, without resorting to tools of statutory construction (see *Howard*, 2015 IL App (4th) 150037, ¶ 14), and find section 13-202.2 controls. We will not disregard the phrase "notwithstanding any other provision of law," because to hold otherwise would render the phrase meaningless. See *Cooke*, 2019 IL App (4th) 180502, ¶ 56; *Doe*, 388 Ill. App. 3d at 1002.

¶ 27                                    III. CONCLUSION

¶ 28         For the reasons stated, we answer the certified question in the negative.

¶ 29         Certified question answered.